## MITCHAM v. MITCHAM.
### No. 2592.

Court of Civil Appeals of Texas. Eastland.
May 23, 1947.

Frank Sparks, of Eastland, and Gib Callaway, of Brownwood, for appellant.

F. D. Wright, of Cisco, for appellee.

LONG, Justice.

The parties will carry the same designation here as in the trial court. Plaintiff, G. P. Mitcham, Jr., instituted this suit against defendant, Jane Mitcham, his wife, for divorce on the ground of cruel treatment and asked the custody of their two children, a girl ten years of age and a boy two years of age. The defendant answered by general denial and asked in the event a divorce was granted that she be awarded the custody of the children and that suitable provisions be made for their support and maintenance. She further alleged that the father of the plaintiff had recently died and that by the terms of the will of his father, plaintiff inherited property of the approximate value of $100,000.00; that plaintiff was a spendthrift and incapable of properly caring for his business. She prayed that a sufficient amount of his property be placed in the hands of a trustee to insure adequate support of the children during their minority.

A trial was had before the court with the aid of a jury. In response to special issues submitted, the jury found (1) from full and satisfactory evidence that the defendant was guilty of excessive cruel treatment or

outrages toward the plaintiff; (2) that such cruel treatment was of such a nature as to render the further living together of the plaintiff and defendant insupportable; (3) that such cruel treatment was provoked by the acts and conduct of the plaintiff; (4) that such acts on the part of the plaintiff were not reasonably calculated to provoke defendant's misconduct; (5) that it would be to the best interest of the children that they be placed in the custody of the defendant; (6) that $100.00 paid monthly would be a reasonable sum to support, maintain and educate the minor children, suitable and commensurate with the financial condition of their father; (7) that $500.00 would be a reasonable attorney's fees to be paid by the defendant to her attorneys. Judgment was entered granting plaintiff a divorce, awarding the custody of the minor children to the defendant and directing the plaintiff to pay to the defendant the sum of $100.00 per month for their support. From this judgment defendant has duly appealed.

By her first point defendant contends that the trial court erred in refusing her motion for a peremptory instruction for the reason that the evidence was wholly insufficient to constitute that, "full and satisfactory evidence", required by Art. 4632, Revised Civil Statutes to support a judgment of divorce on the ground of cruel treatment.

We deem it unnecessary to quote fully the evidence adduced upon the trial of this case. Plaintiff and defendant were first married on the 7th day of June, 1935, and lived together as husband and wife until the year 1938, when defendant was granted a divorce from the plaintiff in Brown County, Texas. They were remarried on the 18th day of February, 1940, and lived together until early in the year 1945. The record reflects that throughout their married life they had many quarrels and disagreements. At the time of their final separation and for some months prior thereto, plaintiff was employed to train pilots for the Air Corps for the United States Government. Plaintiff testified that the defendant, without any provocation, would leave their home in Cisco and return to the home of her mother in Brownwood, and

that on occasions when she did not go to the home of her mother, she would go to the neighbors and at one time she left their home and went to the ranch and stayed with the ranch hands. On some of these occasions she would leave their little girl with the plaintiff and he would be compelled to get some one to care for her or else take her to the airport where he was employed. Plaintiff further testified that his wife left him, to the best of his knowledge, fifteen times; that she became angry with him on many occasions; that she cursed and abused him, applying to him a vile epithet; that she continuously threatened to leave him permanently without giving any definite reason therefor. Plaintiff testified that his wife sold the first engagement ring that he gave her and that after their remarriage he gave her a second engagement ring; that she cashed a Government check without his knowledge or consent. Plaintiff was inducted into the Army and served for several months overseas. Upon his return he went to Brownwood to see his wife and children; when he arrived at the place where his wife was staying he went to the door and she greeted him very coldly. The defendant admitted that she had on occasions cursed the plaintiff and that they had had many quarrels and disagreements, however, she denied applying to him the epithet testified to by the plaintiff. Plaintiff was corroborated in his testimony to some extent by his brother. He testified to quarrels and disagreements between plaintiff and defendant and, also, as to the attitude of the defendant toward the plaintiff at the time of his arrival at her home after his service in the Army. He testified that the defendant began cursing the plaintiff upon his return from abroad at the time he walked up to the door of her home in Brownwood.

Our law lays down no set rule whether a divorce may or may not be granted on the ground of cruel treatment. Each case must be decided upon the facts in evidence and the circumstances surrounding the parties. Counsel for both sides in this case have cited many authorities in support of their contentions. We have attempted to give careful study to all the authorities in the briefs together with many others on the

question. After a most careful consideration of the evidence, we have reached the conclusion that the requirements of the law have been met and that plaintiff has established his case by; "full and satisfactory evidence", as contemplated by Art. 4632, Revised Civil Statutes.

"It is the settled law of this state that the cruel treatment provided by our statute as a ground for divorce is not confined to physical violence alone, but may consist of a series of studied and deliberate insults and provocations. The question is whether the course of treatment constitutes such 'excesses, cruel treatment, or outrages,' as to render further living together insupportable. In determining this question it is the duty of the trial court to weigh the course of conduct in the light of all of the facts and circumstances of the case, and this includes the character and refinement of the parties to the proceeding." McCullough v. McCullough, 120 Tex. 309, 36 S.W.2d 459, 462.

The judge and jury had an opportunity to see and hear the parties and observe their demeanor and had the responsibility of passing upon the credibility of the witnesses and the weight to be given their testimony. The jury found that the defendant was guilty of cruel treatment toward the plaintiff of such a nature as to render their further living together insupportable. This finding was approved by an experienced and careful trial judge. We feel under the facts of the case that we would not be justified in disturbing such finding. Blackburn v. Blackburn, Tex.Civ.App., 163 S.W. 2d 251; Arendale v. Arendale, Tex.Civ. App., 22 S.W.2d 1080.

Defendant assigns as error the refusal of the court to submit the following special issues to the jury: "What do you find from a preponderance of the evidence is the reasonable value of the plaintiff, G. P. Mitcham Jr.'s one-tenth interest in his father's estate? Answer in dollars and cents."

■ It is the duty of the court to submit only ultimate issues of fact. Rule 279, Texas Rules of Civil Procedure. The issue requested was not an ultimate issue. The evidence as to the value of plaintiff's one-tenth interest in his father's estate was admissible on the question of what would be a reasonable amount for the support of the children. This was the ultimate issue of fact. It was submitted to and determined by the jury. We overrule this point.

■ Defendant contends that there is an irreconcilable conflict between the findings and answers of the jury to special issues No. 3 and No. 4. The jury found in answering said issues that the cruel treatment of defendant by plaintiff was provoked by the acts and conduct of the plaintiff, but further found that such acts on the part of the plaintiff were not reasonably calculated to provoke defendant's misconduct. We perceive no conflict in the answers of the jury to said issues.

■ There was no error in the failure of the trial court to place a sufficient amount of the property of plaintiff in the hands of a trustee to insure the proper support and maintenance of the minor children. The defendant was not entitled as a matter of right to have such property placed in the hands of a receiver for such purpose. As to whether such order should be entered was a matter purely within the discretion of the trial court, and in the absence of a showing of an abuse of such discretion, we would not be authorized to disturb such judgment. There is no conclusive evidence that the plaintiff was a spendthrift or that he was incapable of properly handling his property.

■ Under the terms of the will of G. P. Mitcham, deceased, plaintiff was bequeathed a one-tenth interest in the estate of his father. The will provided that there should be no partition of the estate for a period of five years and until the death of the wife of G. P. Mitcham unless the executors of the will deemed it advisable to have a partition at an earlier date. The trial court would not have been authorized to enter an order that would have in any way interfered with the administration of the estate by the executors. The trial court entered a judgment requiring the plaintiff to contribute $100.00 each month for the support of the minor children. In the event plaintiff fails to comply with such order, the court has the power to punish him for

contempt. Ex Parte Birkhead, 127 Tex. 556, 95 S.W.2d 953.

 Under all the facts and circumstances in this case, we are of the opinion that the trial court did not abuse his discretion in refusing appointment of a receiver to take charge of a sufficient amount of the property of the plaintiff to insure the support and maintenance of the minor children.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.