## HENDRICK v. HENDRICK.

### No. 5966.

Court of Civil Appeals of Texas. Amarillo.

June 20, 1949.

E. Byron Singleton, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee.

LUMPKIN, Justice.

The appellee, Margaret Kerr Hendrick, filed this suit against her husband, James William Hendrick, the appellant, asking for a divorce, custody of her two minor sons, and a division of the community property. Cruel treatment was alleged as the ground for divorce. Trial was before the court without the intervention of a jury and resulted in a judgment granting appellee a divorce, custody of her children, and ordered an unequal division of the property in favor of the appellee.

During the trial the appellant offered no defense as to the divorce or on the issue of which parent should be given custody of the children. On this appeal the appellant does not complain of that portion of the judgment which grants the divorce or awards the custody of his sons to the appellee, but he confines his attack to those portions of the court's judgment which make a disproportionate division of the community assets.

In 1930, immediately following their marriage, the parties came to Amarillo, Texas, where they have since maintained their residence. To them were born two sons, James William Hendrick, Jr. and Charles Kerr Hendrick, seventeen and thirteen years old respectively at the time of the trial. The appellant is a physician and surgeon. From the time he arrived until July, 1945, he practiced his profession at Amarillo. Immediately following his marriage and during the depression years, the appellant experienced some financial difficulties, but by 1940 he was receiving a growing yearly income as is evidenced by his income tax returns. For the year 1943 his gross income was $52,126.87 and his taxable income was $26,529.62. In 1944 he had a gross income of $48,356.12 and a taxable income of $32,194.70. In 1945, although he practiced only six months, the appellant received a gross income of $40,-863.75 and paid an income tax on $28,660.-69.

In July, 1945, the appellant joined the teaching staff at the University of Maryland Medical School, Baltimore, Maryland, where he was employed at the time this

case was tried. For his services as an instructor, the appellant received a salary of about $50 a month. Since going to Baltimore he has not been engaged in the practice of his profession. Other income received by the appellant after his marriage was from a government disability cheque in the monthly amount of $75. This disability was the result of appellant's service with the armed forces during World War I. In 1944 these monthly payments were increased to $90. While sojourning in Baltimore the appellant rented his office equipment at Amarillo for $75 a month.

The appellant's first point of error concerns a certain Investors Syndicate Certificate. Because of the character of the money invested in the certificate and because of the fact that it was issued in the joint name of the parties, the court found that the certificate, valued at $15,970.64, was owned jointly by the parties. The appellant contends that the court erred in considering this certificate as an item of community property, subject to apportionment, because the money for this investment came from the appellant's separate means. In our opinion the record does not warrant this conclusion.

■ The record reveals that for a period of several years, $1,200 per year was placed in this investment. Of this sum about $900 came from the government disability cheques received monthly by the appellant. The remainder of the $1,200 yearly payment came from community funds. Article 4619, Vernon's Annotated Revised Civil Statutes provides: "All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

It is presumed that all property which a husband and wife possess at the dissolution of the marriage is community property and the burden is on the party who alleges to the contrary. Rippy v. Rippy, Tex.Civ. App., 49 S.W.2d 494, writ refused; Bantuelle v. Bantuelle, Tex.Civ.App., 195 S.W. 2d 686. Property acquired during marriage takes its status as separate or community property at the time of its acquisition, although a bank account consisting of separate and community funds commingled in such a manner that neither can be distinguished from the other must be regarded as community funds. Boyd et al. v. Orr, Tex.Civ.App., 170 S.W.2d 829, ref. w. m. The intentions of the parties are controlling in transactions of this nature, and it it settled that these intentions may be judged by the facts surrounding the case.

■ In our opinion the trial court was justified in finding that the certificate was community property. The parties agreed prior to their marriage and long prior to the purchase of this certificate that they would save the money received from the disability cheques. The record shows that for some years after they were married the parties of necessity used this money to assist in defraying their living expenses and in making the payments on their home. In 1938, however, and each year thereafter for several years this money was used as part of the annual payment due Investors Syndicate on this certificate. The record further reveals that this certificate was not made out in the name of appellant only but jointly in the names of the parties. When at the appellant's request the certificate was made out jointly to the parties, the appellant, in the opinion of the trial court and in our opinion, declared his intent to make of this investment a community asset. Smith et al. v. Buss et al., 135 Tex. 566, 144 S.W.2d 529, and the cases there cited.

■ Article 4638, Vernon's Annotated Revised Civil Statutes, charges the trial court in divorce cases with the responsibility of making "a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any." In Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, in discussing the power vested by this statute in the trial court, the Supreme Court said: "The court pronouncing a decree of divorce is invested with wide discretion in disposing of any

and all property of the parties, separate or community, and * * * its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair."·

· Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189, dismissed; Hamm et al. v. Hamm, Tex.Civ.App., 159 S.W.2d 183. The appellant has not shown an abuse of discretion on the part of the trial court and, therefore, the appellant's contention in this connection is overruled.

In his second point of error the appellant asserts that because of his present low income as a teacher the trial court erred in making a disproportionate division of the community property by which the wife received two-thirds of the property and the appellant one-third.

When the appellant first went to Baltimore his income totaled $215 a month—$75 a month·as rental on his office equipment, a disability cheque of $90, and $50 per month from the University of Maryland. Later from all sources his income increased to $280 monthly.

During . this same period the appellee earned various sums by renting a room at her home and by selling Christmas cards and blouses to her friends. The appellee married before she finished college and from the record it is evident that she is not fitted for any particular occupation to which she could turn for the purpose of earning a livelihood. Appellant argues that he has heart trouble, that he is ill, and infers that never again, because of his physical condition, will he be able to pursue his profession and earn the sums which once rewarded his efforts. It is not denied that appellant may be suffering with his heart or other forms of disability. However, from his statements, as well as other circumstances surrounding the case, we think the trial court was warranted in believing that appellant is capable and fully intends to resume his practice at a later date with possibly the same measure of success as attended his efforts in this connection during the years 1941 to 1944.

Our courts have held that the trial court in dividing property between the parties in a divorce suit may take into consideration any disparity between the earning power, the business opportunities, capacity and ability of the parties,. and the benefits which the party not at fault would have derived from the estate of the other party through a continuance of their marriage. Liddell v. Liddell, Tex.Civ.App., 29 S.W.2d 868; Farris v. Farris, Tex.Civ. App., 15 S.W.2d 1083; Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702; and 15 Tex. Jur. 584. In this case the earning power and business opportunities of the husband are far beyond that of the wife, and in our opinion the trial court did not abuse its discretion when it took into consideration these factors in awarding to the appellee the larger portion of the community assets.

In his third point of error the appellant contends as follows: "Property set aside by appellant and treated as trust properties for children should be continued trust properties, and appellant should be continued as trustee, in absence of pleadings and evidence that appellant would violate terms of the trust, and in absence of the children as cestui-que-trust parties to the lawsuit."

In this point of error the appellant is objecting to portions of the court's judgment which vest certain properties in appellee as trustee for her·minor children. The properties referred to are certain United States Savings Bonds and two accounts with the First Federal Savings and Loan Association of Amarillo. Two of the bonds are made payable to the appellant or to his son, Charles Kerr Hendrick; two are made payable to the appellant or his son, James William Hendrick, Jr. Another bond is made payable to the appellee or her older son, while still another bond is made payable to the appellee or her younger son. A seventh bond is made payable to Charles Kerr Hendrick. One account with the First Federal is in the name of the older son and/or the appellant; the other account is in the name of the younger son and/or the appellant.· Although the appellant in his inventory characterized these assets as his separate property, held by him in trust for his minor children, the court found these assets

to be community property. The court also found that the parties agreed that a trust might be imposed on these items for the support, maintenance, and education of the children but did not agree as to the identity of the trustee—the appellee contending that she should be named as trustee and the appellant contending that either he or some third person should be named as trustee. The court imposed a trust on the assets listed above and named the appellee as trustee for her sons.

■■ In our opinion the trial court was warranted in designating these items as the common property of the parties. The bonds and accounts were acquired during marriage, and there is nothing in the record which rebuts the presumption created by law that these assets are portions of the community estate. The appellant agreed with appellee that these assets be placed in a trust for the children. It can make little material difference whether this trust was created by the appellant prior to the institution of this suit or created later by the court in its judgment. It is within the sound discretion of the trial court, having a due regard for the rights of the parties and the children, to appoint and name a trustee; and, therefore, it is of little consequence whether such a trustee was pleaded and prayed for by the appellee. In the absence of a showing that the appointment of appellee as trustee was an abuse of the trial court's discretion, we are not authorized to disturb its order on appeal. Hemman v. Hemman, Tex.Civ.App., 251 S.W. 313; Mitcham v. Mitcham, Tex.Civ.App., 202 S.W.2d 947.

The appellant complains of that portion of the court's judgment which awarded to appellee the right of undisturbed occupancy of the home place with the privilege of renting rooms. This order does not disturb the appellant's one-half interest in the homestead but does charge the appellant with such expenses of upkeep as insurance, taxes, and costs of repair. Likewise, he asserts that the court erred in granting the appellee attorney's fees in the absence of evidence to support pleadings for such fees. He objects to being charged with the costs of certain depositions requested by the appellee in preparing this cause for trial. He attacks the validity of an injunction issued by the court prior to the trial, which prohibits the appellant from disposing of community property. In his last point of error the appellant contends that while in Baltimore he borrowed $6,000 in order to advance his sons $100 per month and to discharge community obligations. In his opinion this sum should be deducted from the community property before a division is made rather than making $3,000 a portion of the community property awarded him.

■■ As we have said above, our courts are vested with wide discretionary powers in the division of property in suits for divorce; and, in the absence of abuse of such discretionary powers, the trial court may divide the property, separate or community, in such a way as will seem right, just, and proper to the court. Most of the matters of which the appellant complains come within this rule. Cunningham v. Cunningham et al., 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Scott v. Fort Worth Nat. Bank, Tex.Civ.App., 125 S.W.2d 356 dismissed. With respect to the appellant's complaint concerning the attorney's fees, the record reveals that the appellee prayed for reasonable attorney's fees. The decree merely records that the appellee is fairly entitled to recover reasonable attorney's fees in a substantial amount. However, the court further found that the provisions made for the appellee were sufficient to compensate her for attorney's fees and therefore no additional recovery was allowed the appellee in this connection. Robbins v. Robbins, Tex.Civ.App., 125 S. W.2d 666. The court properly charged the appellant with the costs of this suit. Rule 131, Texas Rules of Civil Procedure; Article 4641, Vernon's Annotated Revised Civil Statutes. Since the question concerning the validity of the injunction was not raised or urged in the trial court, such a question is moot as far as this appeal is concerned.

We have carefully examined the record in this case. Finding no error, we overrule all of appellant's points of error and affirm the judgment of the court below.