### EARNEST v. EARNEST.
### No. 5974.

Court of Civil Appeals of Texas. Amarillo.

Sept. 26, 1949.

E. T. Miller and Hazlewood & Richards, Amarillo, for appellant.

S. E. Fish, Amarillo, for appellee.

LUMPKIN, Justice.

The appellant, Kay Earnest, filed this suit against her husband O. D. Earnest, the appellee, asking for a divorce, a division of community property and attorney's fees. The husband filed an answer and cross-action in which he denied appellant's allegations. He prayed for a divorce, a division of the community property, and title and possession of his separate property. Each party alleged cruel treatment as ground for divorce. Trial was before the court without the intervention of a jury and resulted in a judgment which granted the appellant a divorce, ordered a division of the community property, and denied appellant's request for attorney's fees. The appellant duly excepted to the judgment and gave notice of appeal.

On appeal the appellant does not complain of that portion of the judgment which granted the divorce but confines her attack to those portions of the court's judgment which pertain to a division of the alleged community assets and which denied appellant's prayer for attorney's fees.

At the appellant's request the court filed findings of fact and conclusions of law.

Briefly summarized, the findings disclose the following facts:

The appellant is forty-eight years of age and has a good business as a beauty shop operator. The appellee is a man sixty-six years old and in poor health. He is suffering from high blood pressure and heart trouble, and his doctor testified that his disturbed home condition was a contributing factor in aggravating these ailments. The parties were married December 29, 1940, and separated December 11, 1948, and have not lived together since, although each occupies a part of the same house.

At the time of the marriage, appellee was employed as a railroad conductor. In December, 1947, he retired after having been employed by the Rock Island Railway for over thirty-five years. Prior to the marriage the appellee owned a six-room house and a four-room house, both located on the same lot in Amarillo, Texas. The four-room house was furnished, and the property had an unpaid balance of about $495.00 secured by a lien against the property. The appellee had $482.91 in the bank, his current paycheck of approximately $255.60, and a loan of $305.00 against the appellant. This last asset represents money loaned the appellant by the appellee before the marriage of the parties. Before the marriage, the appellant owned a 1940 Plymouth coupe and had about $300.00 in cash.

The court found that since the marriage the parties had maintained separate bank accounts; that according to the testimony of each party, they settled their community assets each month by a method whereby the appellee would give the appellant his personal check in an amount sufficient to make her bank account equal his; that the parties continued this practice until 1946; that in 1946 the appellant sold her beauty shop realizing a profit of about $500.00, none of which was ever given the appellee; that in 1948 the parties sold a lot in which they were both interested at a profit of $1,181.00 and that the appellee paid appellant $590.50, her part of the profit.

The court found that the appellee, upon his retirement from the railroad, was paid a lump sum of $720.00; that his monthly pension from the date of retirement to December 30, 1948, aggregated $1,442.48; that upon the filing of this suit he had a balance in the bank of $484.21, which had been reduced by the payment of the utility bills at his home; and that he had a cashier's cheque for $4,500.00, but the retirement and pension money before mentioned and the profit on the lot, $590.50, were included in the amount of the cashier's cheque. The court found that certain improvements had been made on appellee's separate property but that the evidence as to the amount expended was unsatisfactory and that there was neither pleading nor proof as to the alleged enhanced value of the property; the court also found that the parties were not in agreement as to the division of the community furniture and equipment; and, last, the court found "that both parties were responsible for the conditions shown by the evidence in the case;" that the evidence adduced at the trial warranted a divorce for either party; and that both parties had destroyed evidence which should have been presented to the court.

The court concluded as a matter of law that a divorce should be granted in favor of the appellant; that the appellee was entitled to judgment which vested in him as his separate property title to the real estate and the furniture of the four-room house; "that under the conditions, circumstances, and financial worth," appellant should not recover for her attorney's fees; that since the furniture in the six-room house and the equipment in the beauty shop could not be partitioned in kind, this property be sold by a receiver and the proceeds divided equally between the parties; and that the appellee should pay appellant $1,834.45 in full satisfaction of her interest in the community assets.

■ In support of the judgment the appellee points out that the appellant failed to except to the findings and conclusions filed at her request by the trial court. We overrule this contention. Where the judgment is duly excepted to and the record contains a statement of facts, the appellant is permitted to attack the findings and conclusions of the trial court, although no specific exceptions are taken thereto. Voight

et al. v. Mackle, 71 Tex. 78, 8 S.W. 623; Johnson et al. v. Masterson Irr. Co., Tex. Civ.App., 217 S.W. 407; Reed et al. v. Murphy, Tex.Civ.App., 276 S.W. 951; Weir v. King, Tex.Civ.App., 166 S.W.2d 187.

In attacking the court's judgment the appellant contends that all of the property before the court, with the exception of the real estate and the automobile, was community property subject to division by the court and that the court abused its discretion in not dividing the community property equally between the parties.

In particular the appellant is concerned with the $4,500.00 cashier's cheque. The court found that the retirement and pension money and the profit on a lot were included in the amount contained in the cashier's cheque. A review of the record reveals that the retirement money of $720.00 was deposited in the bank and that this money was a part of the sum the appellee checked out, but that there is no testimony that the $720.00 was included in the cashier's cheque. The court found that $590.50, being one-half of the profit from the sale of the lot, was included in the amount of the cashier's cheque, whereas the appellee testified that $493.00 of the $590.50 was used to pay for paving adjacent to his separate property. His testimony shows that from his retirement on December 20, 1947, until July, 1948, he received a pension of $106.62 a month and that from July, 1948, to the date of the trial he received a monthly pension of $127.94. He said he usually cashed these pension cheques and used the money to defray current expenses, banking only what was left. The court, however, found that the entire amount of his retirement pay, aggregating $1,442.78, was included in the $4,500.00 cashier's cheque. Thus, the appellant asserts, the cashier's cheque, or most of it, is presumptively community property. Also the appellant points out that repairs and improvements were made on the appellee's separate real estate during the marriage of the parties, despite the fact that the court found that the evidence of enhanced value or cost was not satisfactory and did not credit the community

with any interest in or claim against the appellee's separate estate.

A further study of the record discloses other facts pertinent to appellant's point of error. During the course of her marriage the appellant operated a beauty shop. In 1946 she sold it for a profit of $500.00 which she refused to divide with the appellee. Afterward, she operated a beauty shop in appellee's six-room house. Except in 1948, when her income from the shop was $1,643.15, there is nothing in the record to show what her income was during the years the parties were married. There is evidence that the appellee paid the utility bills on the six-room house, presumably including those incurred in connection with his wife's beauty shop, and there is evidence that the rent from the four-room house of $45.00 a month was delivered to appellant for groceries, although the appellee ate most of his meals away from home. After he retired in 1947 the appellee discontinued giving his wife the $45.00 a month rent money. The appellant testified that she was in poor health but the court did not make a finding as to her physical condition.

 It is presumed that all the property which the husband and wife possess at the dissolution of marriage is community property and the burden is on the party who alleges to the contrary. Rippy et al. v. Rippy, Tex.Civ.App., 49 S.W.2d 494, writ refused; Bantuelle v. Bantuelle, Tex. Civ.App., 195 S.W.2d 686. Our courts have held that property acquired during marriage takes its status as separate or community property at the time of its acquisition. Boyd et al. v. Orr, Tex.Civ. App., 170 S.W.2d 829, ref.w.m. The intentions of the parties are controlling in transactions of this nature, and it is settled that these intentions may be judged by the facts surrounding the case. Smith et al. v. Buss et al., 135 Tex. 566, 144 S.W.2d 529, and the cases there cited. As disclosed by the record, the trial court was justified in finding, as it apparently did, that the parties from the day of their marriage intended to keep most of their property as separate property, and certainly such an intention persisted until 1946 when appel-

lee refused to continue his practice of transferring funds to appellant's bank account until her account equaled his. Apparently, in some of their other dealings, the parties treated their joint business ventures as a partnership. If true, the appellant would owe the appellee $250.00 for the sale of the beauty shop; $246.50 as one-half of the paving expense on the lot jointly owned by the parties and later sold; possibly $305.00 of borrowed money; and an accounting of the monies received by the beauty shop, including the $1,643.15 made by the shop in 1948.

■■■ Article 4638, Vernon's Annotated Revised Civil Statutes, charges the trial court in a divorce case with the responsibility of making a division of the estate of the parties in such a way as the court shall deem just. In Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, the Supreme Court said: " * * * 'the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community,' and * * * its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair." Clark v. Clark, Tex.Civ. App., 35 S.W.2d 189, dismissed; Hamm et al. v. Hamm, Tex.Civ.App., 159 S.W. 2d 183. The trial court was the trier of facts. The court saw the parties and heard their testimony. The court heard the physician testify as to the appellee's physical condition. It is not clear by what method the trial court arrived at the figure $1,834.-45, the amount the court ordered the husband to pay the wife in full satisfaction of her interest in the community estate. However, from the division of the community property, there is every indication that the trial court considered the fact that the appellee is ill and has retired on the income from his rental property and a small pension; that the appellant is much younger than the appellee and has a good business as a beauty shop operator. In making a partition of property in cases of this nature, our courts have held that the trial court is not required to exercise mathe-

matical exactness. Simons v. Simons, 23 Tex. 344; Puckett v. Puckett, Tex.Civ. App., 205 S.W.2d 124. The trial court may take into consideration the earning power, the business opportunities, capacities and abilities of the parties. Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702; Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281. A consideration of the difference in the earning power and business opportunities of the parties is sufficient to justify the trial court's division of the property without attempting to offset the amounts which the appellant allegedly owes the appellee as against what the appellee allegedly owes the appellant—especially when the facts would warrant a divorce for either party and when, for at least a portion of their marriage, the parties had monthly settlements of their community assets. In our opinion, from all the facts and circumstances of the case, it cannot be said that the disposition made of the property was unjust and unfair or that the trial court abused its discretion in making such a settlement.

■■ In her second point of error the appellant takes the position that since the trial court awarded her the divorce, the refusal to grant her attorney's fees was an abuse of discretion. The court found that "both parties have destroyed evidence that should have been presented to the court and that together with the conditions and circumstances of the respective parties at the time of the trial, and the finding as to the amount of money defendant should pay the plaintiff, it does not warrant me in awarding the plaintiff the attorney's fees." The appellant asserts that she is entitled to attorney's fees provided she filed her suit in good faith and upon probable grounds for divorce. Such findings are necessary for the granting of attorney's fees and, as far as the record is concerned, the appellant did file her suit in good faith and upon probable grounds for divorce. Such a rule, however, is based on the theory that the fees are recoverable as necessaries.

"While it is well settled in this state that attorney's fee for divorce may be allowed to the wife and against the husband,

686

yet it is within the discretion of the court to be exercised in accordance with the conditions and circumstances of each case; an abuse of such discretion is naturally subject to review; however, it must appear that there is clearly an abuse of discretion before the trial court's judgment will be disturbed on appeal; as stated in 17 Am. Jur., p. 449, sec. 566, 'Thus, where it does not appear that the wife has been hampered in making her defense or is financially unable to pay expenses necessarily incurred the decision of the lower court will be affirmed.' See 15 Tex.Jr., pp. 658, 659; sec. 157." Lewis v. Lewis, Tex.Civ.App., 218 S.W.2d 220, 222.

There is no evidence showing that the requested attorney's fees were necessary for appellant to prosecute her cause of action against the appellee.

After a thorough review of the record we fail to find that the trial court abused its discretion in either of the points of error raised by the appellant. These points of error are, therefore, overruled, and we affirm the judgment of the trial court.