## ROUSSEAU v. ROUSSEAU.

### No. 3175.

Court of Civil Appeals of Texas.

Waco.

May 20, 1954.

Hamblen & McNeil, Edna, for appellant.

Thomas R. Bell, Edna, for appellee.

HALE, Justice.

This appeal grows out of a divorce suit. It involves the custody of two girls, one being 6 years and the other less than 1 year of age, and a division of community property. Appellant is the father and appellee is the mother of the children. The case was tried before the court without the aid of a jury. The trial resulted in a decree granting a divorce to appellant, awarding the custody of the children to appellee and

dividing the property in such manner that appellee should receive the household furniture and $300 from a savings account, and appellant should receive a 1947 Chevrolet automobile and the balance of the savings account in the approximate sum of $335.

At the request of appellant, the trial court filed findings of fact and conclusions of law. Among other things, the court found that appellee had been guilty of such cruel treatment towards appellant as to render their further living together insupportable; that appellee had been a better mother than wife, and "has shown the little girls much more loving care than has Carl Lee Rousseau, and appears to have been more interested in their welfare"; that appellee was not an unfit person to have the custody of her children, and that the welfare of the children would be best served by giving their mother custody of them. The court further found that the parties owned as community property some household furniture, the value of which was not definitely shown, a 1947 Chevrolet automobile, the value of which was not shown, and a savings account of approximately $635.

Appellant predicates his appeal on two points. He says in substance that the trial court erred in finding (1) that appellee was a fit person to have custody of the children and (2) that she should have $300 of the community savings account, and by giving effect to such erroneous findings.

The law is well settled, as stated in the first case cited in the brief of appellant, that the trial judge is vested with wide discretionary powers in awarding the custody of children in a divorce suit, and his action in the matter will not be disturbed on appeal unless his findings and judgment are contrary to the overwhelming weight and preponderance of the evidence to such extent as to show an abuse of discretion. Baker v. Willis, Tex.Civ.App., 238 S.W.2d 544, 546. Even though a divorce is granted to the husband, the trial judge is not thereby precluded from awarding the custody of a child to the mother if it appears that such will serve the best interest of the child.

Redwine v. Redwine, Tex.Civ.App., 198 S. W.2d 472; Moore v. Moore, Tex.Civ.App., 213 S.W. 949. Furthermore, it is generally held that children of tender years, and especially girls, should be left with their mother, unless she is shown to be unfit to be entrusted with their care. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506; Canning v. Canning, Tex.Civ.App., 237 S. W.2d 1019.

Under the terms of Art. 4638, Vernon's Tex.Civ.Stats., the trial court is likewise vested with broad discretionary powers in dividing the estate of divorced persons in such a way as the court shall deem just and right, having due regard to the rights of each party and their children. Saylor v. Saylor, Tex.Civ.App., 20 S.W.2d 229; Smith v. Smith, Tex.Civ.App., 187 S.W.2d 116; Harris v. Harris, Tex.Civ.App., 190 S.W.2d 489; Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002.

The evidence in this case is voluminous. Of the 40 or more witnesses who appeared, approximately one-half of them testified in support of the contentions of appellant and the other half testified in support of the contentions of appellee. The statement of facts consists of 480 pages. Some of the witnesses testified to facts tending to show that appellee was a fit person to have the custody of her children, while others testified to facts tending to show that she was unfit for such responsibility. We do not think any useful purpose would be served by attempting here to restate in detail the conflicting testimony elicited from the several witnesses. Therefore, it must suffice to say that after reviewing the record before us, we have concluded that the trial court did not abuse the discretionary powers vested in him by finding that appellee was a fit person to have custody of her children, or by finding that she should receive $300 from the savings account. Being of the opinion that the material findings of fact made by the court are not against the evidence as a whole to such extent as clearly to show an abuse of dis-

cretion, we cannot say the court erred in awarding the custody of the minor children to appellee or in dividing the community property in the manner he deemed to be just and right.

Accordingly, each of appellant's points is overruled and the judgment of the court below is affirmed.