Russell FROWNFELTER, Appellant,

v.

Edna Mae FROWNFELTER, Appellee.

No. 13057.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1956.

John Patrick Maloney, San Antonio, for appellant.

Bobbitt, Brite & Bobbitt, San Antonio, for appellee.

POPE, Justice.

This suit concerns the property rights between husband and wife in a divorce action. Edna Mae Frownfelter obtained a divorce from her husband, Russell Frownfelter. The parties had no children. The court divided the community property and awarded each an automobile and a portion of the household furniture. The court awarded the husband whatever interest they held in the business of which he was the general manager. The court found that the husband had fraudulently expended or concealed personal property belonging to the parties, which was on hand when the action was filed, and awarded the wife a personal judgment for $5,-703.19. This personal judgment is the only item about which the husband complains on this appeal. We affirm the judgment.

When this action was filed, the community estate consisted of $7,300 cash. During the nine months that the suit was pending the husband earned $1,000 per month as salary. He exercised complete control over the community estate, but at the time of trial he insisted that the cash in the estate had fallen to a mere $93.82. He urged that he had previously borrowed $6,000 from V. F. Page, and that he paid it back in cash after the divorce suit was filed. He testified that he lost $2,300 gambling, and states that he should be excused that indiscretion as a legitimate expenditure out of the funds after divorce proceedings were commenced. He produced no records concerning his vague transactions and said there were no records. It is obvious that the trial court did not believe his explanations.

The record supports the judgment on either of two theories. The amount awarded Mrs. Frownfelter could be treated as her share after awarding her husband the interest in the business, or it could be treated as her share of what her husband had concealed from her. In either event,

the judgment is no abuse of the court's discretion. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Rousseau v. Rousseau, Tex. Civ.App., 268 S.W.2d 556; Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409; Sterrett v. Sterrett, Tex.Civ.App., 228 S.W. 2d 341; Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681; Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281; accord, Milligan v. Milligan, Tex.Civ.App., 282 S.W.2d 127.

The judgment is affirmed.