William Y. GIESLER, Appellant,

v.

Lulu E. GIESLER, Appellee.

No. 13222.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 22, 1958.

Rehearing Denied Feb. 19, 1958.

McDonald, Spann & DeAnda, Corpus Christi, for appellant.

Dibrell, Gardner & Dotson, T. Kellis Dibrell, San Antonio, for appellee.

BARROW, Justice.

This is a suit for divorce and property settlement of the parties. It involves the adjudication of the rights of the parties in both the community property and separate estate of the appellee. The trial was to a jury and some of the answers in the jury verdict were disregarded. The court rendered judgment based in part on the verdict and in part on the rulings of the court, the court adjudging certain property to be the separate property of appellee and certain property to be the community property of the spouses.

The record shows that the parties were married in December of 1931, and finally separated in September of 1952. At the time of the marriage, appellee owned a separate estate valued at some $59,000, which was a trust estate consisting of notes secured by first liens on real estate, with the exception of one note in the sum of $15,000, secured by a second lien on property in San Antonio known as Thoraine Apartments, against which there was a first lien in the sum of $39,500. She was also possessed of real estate known as the Thelma Street property, as well as furni-

ture and household goods. The appellant had no property whatsoever.

The evidence further shows that during the marriage four separate bank accounts were maintained in the name of appellee, and that appellant had at least one bank account in his name. The evidence also shows that appellant managed both the community estate and his wife's separate estate. It is also in evidence that community funds were at times deposited in the wife's separate bank account, but that most of these deposits were made by appellant and he regarded them as his wife's separate property.

By appellant's first point he complains that the trial court erred in disregarding the jury's answer to Special Issue No. 1, which reads as follows:

"Do you find from clear and conclusive evidence that the purchase money paid for the Hermine Place home was wholly from the separate funds of the plaintiff, Lulu E. Giesler?" To which issue the jury answered "No".

By his second point appellant complains that the court erred in declaring said property to be the separate property of appellee.

By his third and fourth points appellant complains that the court erred in declaring certain corporate stocks and savings bonds to be the separate property of appellee.

We shall discuss these points jointly. The statement of facts in this case covers some 680 pages, composed to a large extent of the numerous transactions of the parties. We shall not burden this opinion with a lengthy discussion of those details.

It appears that the Hermine Place property was conveyed for a total consideration of $17,000, to Mrs. Lulu E. Giesler as her separate property and estate, and that the habendum clause contained the language: "To have and to hold * * * unto the said grantee, Lulu E. Giesler, as her separate property and estate." It also appears from the evidence that the Thelma Drive property, which appellee owned prior to the marriage, was sold in 1946 for $25,000, and that the proceeds went into the bank account of appellee. It also appears from the evidence that about that time two notes belonging to appellee, in the aggregate sum of more than $15,000, were collected and the proceeds deposited in said account. And it appears that it was from this same bank account that the Hermine Place property was paid for and the stocks and bonds bought. It also appears that a substantial amount of property, which to a large extent had been acquired through the investment of appellee's separate funds, was decreed by the court to be community property and appellant given a one-half interest therein.

We think, in view of the fact that appellant managed the community estate and in that capacity personally was guilty of commingling said community funds into his wife's separate bank account, that it would be inequitable to permit him to profit by such action by applying the strict doctrine of commingling. Sibley v. Sibley, Tex.Civ.App., 286 S.W.2d 657. Where the deed recites that the consideration is paid by the wife's separate funds and the conveyance is made to her as her separate property, it is presumed that the property becomes her separate estate. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900. The contention of appellant, therefore, rests on a strict application of the doctrine of commingling. Article 4638, Vernon's Ann. Civ.Stats., provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party * * *."

Under this provision of the statute, it has been held that in divorce cases the court has power to take into consideration the separate as well as the community property of the spouses, and to make an adjustment and settlement of the rights

and equities of the parties as the court shall deem just and fair, and in such action the trial court has a broad discretion, which will not be disturbed unless an abuse of such discretion is shown. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Ingram v. Ingram, Tex.Civ.App., 240 S.W.2d 409; Lesage v. Gateley, Tex.Civ.App., 287 S.W. .2d 193; Rousseau v. Rousseau, Tex.Civ. App., 268 S.W.2d 556; Sterrett v. Sterrett, Tex.Civ.App., 228 S.W.2d 341; Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681; Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281; Frownfelter v. Frownfelter, Tex.Civ.App., 294 S.W.2d 745. Under the evidence in this case, the record does not show to what extent community funds went into the purchase of the Hermine Place property. The court decreed a substantial portion of the estate to be community property, although it had originally been financed by appellee's separate funds. We do not believe that the court abused its discretion in disregarding the jury's answer concerning the Hermine Place and taking that property into consideration along with the rest of the property in making a just and equitable division thereof. Nor did it abuse its discretion in awarding the stocks and bonds to appellee. Appellant's first, second, third and fourth points are overruled.

■ By his fifth, sixth and seventh points, appellant contends that the court erred in declaring the property known as The Home Farm to be twenty twenty-sixths the separate property of appellee and six twenty-sixths the community property of the parties; that the court should have declared the property to be 4,579/10,579 separate property of appellee and 6,000/10,-579 community property of the parties.

The facts in that connection show that about the time the property known as The Home Farm was acquired appellee owned as her separate property the Thoraine Apartments, against which there was an indebtedness in the sum of $33,500 and taxes in the sum of $1,921, making a total of $35,421. Appellant contends that he, through his personal efforts, secured a reduction of said indebtedness to $20,000. It is not contended that any community funds were paid to effect such reduction, but that it was accomplished through negotiations. The jury found that the Thoraine Apartments property was of the reasonable market value of $40,000 at the time it was exchanged for The Home Farm. In the exchange the apartment property was valued at $20,000 over and above the $20,-000 debt. The Gieslers paid a difference of $6,000 in cash, which cash was decreed by the court to be community property. Hence, we think, the trial court correctly decreed the property known as The Home Farm to be 20/26 separate property of appellee and 6/26 property of the community estate.

Appellant's contention seems to be that because he, through negotiation, secured the voluntary release and reduction, in figuring this exchange it should be calculated as though the debt had not been reduced, and that in so calculating appellee would have only a $4,679 equity in the property. We know of no rule of law that requires this and we have been cited none. We believe the trial court was correct in holding the property to be 20/26 the separate property of appellee, and 6/26 the community property of the parties.

We find no merit in appellant's eighth point and it is overruled. We find no abuse of discretion in the trial court's action in settling the property rights of the parties.

The judgment is affirmed.