Virginia K. WHITE, Appellant,

v.

R. Clyde WHITE et al., Appellees.

No. 53.

Court of Civil Appeals of Texas.

Tyler.

June 4, 1964.

Rehearing Denied June 25, 1964.

---

William E. Wright, Butler, Binion, Rice & Cook, Houston, for appellant.

Eugene Pitman, DeLange, Hudspeth & Pitman, Austin C. Wilson, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellees.

SELLERS, Justice.

Appellant and appellee were lawfully married September 20, 1941, and continued to live together until about September, 1962. These parties were divorced March, 1963. Appellee brought the suit for divorce and appellant filed cross action for divorce which was granted by the court. In that divorce decree the court made a partition of certain property between the parties, as follows:

"It is further ORDERED, ADJUDGED AND DECREED by the Court that Defendant and Cross-Plaintiff, Virginia Kann White, do have and recover of and from Plaintiff and Cross-Defendant R. Clyde White, as reasonable attorney's fees, the sum of $500.00, together with interest thereon from date of this judgment until paid at the rate of 6% per annum, as to which sum said Cross-Plaintiff, Virginia Kann White, shall have her writs of execution and other process as many and as often as may be necessary.

"It is further ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff and Cross-Defendant, R. Clyde White, be, and he hereby is, awarded as his sole, separate property and estate, the following described property:

"(a) That certain non-participating Retirement Annuity No. A–16,189 with Teachers Insurance and Annuity Association of America, on the life of R. Clyde White, Annuitant, as evidenced by Annuity Contract between R. Clyde White and said Teachers Insurance and Annuity Association of America, dated October 1, 1936;

"(b) One-half of any refund of income taxes overpaid by the Parties for the year 1962;

"(c) Paid-up Equitable Life Insurance Policy on the life of R. Clyde

White of net value of approximately $169.00;

"(d) All term insurance policies upon the life of R. Clyde White, and hospitalization policy with Blue Cross, heretofore carried by R. Clyde White as the insured;

"(e) Any and all other items of personal property now in possession of R. Clyde White, excepting only those items to be transferred to the possession and ownership of Virginia Kann White pursuant to that private agreement heretofore effected between said Parties.

"It is ORDERED, ADJUDGED AND DECREED by the Court that Defendant and Cross-Plaintiff, Virginia Kann White, be and she hereby is, awarded as her sole, separate property and estate, all other property and claims of the Parties of every description and character, including but not limited to the following:

"(a) The home of the Parties at 8119 Greenbush Street in Houston, Texas, more particularly described as Lot 2 in Block 32–A of Knollwood Village, Section 2, an addition to the City of Houston, Harris County, Texas, as shown by the map or plat thereof recorded in Volume 37, at page 3 of the Map Records of Harris County, Texas, together with all improvements thereon;

"(b) That certain joint savings account (being in the approximate amount of $3,750.00) in the name of the Parties at the Continental Bank of Cleveland, Ohio;

"(c) The 1962 model Rambler Ambassador automobile;

"(d) All retirement contracts, funds and insurance policies on the life of Virginia Kann White;

"(e) Any and all other items of personal property now in the possession of Virginia Kann White, excepting only those items to be transferred to the possession and ownership of R. Clyde White pursuant to that private agreement heretofore effected between said Parties.

"All costs of Court hereby decreed against Plaintiff and Cross-Defendant, R. Clyde White, and it appearing that same have been paid contemporaneously with entry of this judgment, it is ORDERED that no execution or other process shall ever issue therefor."

On July 3, 1963, Virginia K. White brought this suit against her former husband, R. Clyde White, and the Teachers Insurance and Annuity Association of America, alleging

"From September 20, 1941, until July of 1963 Plaintiff, Virginia K. White, and Defendant, R. Clyde White, were lawfully married. They continually lived together as husband and wife from the date of marriage until on or about September 6, 1962. During the entire existence of the aforesaid marriage, Defendant R. Clyde White was the owner and holder of a certain annuity and insurance contract (hereinafter designated 'Said Contract'), being designated by Defendant TIAA as Contract No. A-16189, and the terms of which are well known to each Defendant. Plaintiff would show that during the approximate entirety of her marriage with Defendant R. Clyde White, that premiums were paid to Defendant TIAA upon Said Contract each month and that such premiums were paid thereon to Defendant TIAA during the residence of Plaintiff and Defendant R. Clyde White in Houston, Texas. Plaintiff would further show that during her marriage to R. Clyde White, until on or about the 21st day of September, 1962, she was sole primary beneficiary of certain death benefits payable under the terms of Said Con-

tract upon the death of Defendant R. Clyde White.

"Shortly after her marriage to Defendant R. Clyde White in 1941, Plaintiff would show that she and Defendant R. Clyde White entered into an agreement, for valuable consideration, whereby Defendant R. Clyde White agreed to (i) maintain Plaintiff as the sole primary beneficiary at all times until said Contract would be surrendered, by mutual consent, and annuity payments thereunder initiated, and, (ii) that upon the surrender of Said Contract, Defendant R. Clyde White would designate Plaintiff as a survivor to any and all rights of annuity under Said Contract pursuant to the provisions contained therein in Paragraph 17, Option A(2), said survivorship option providing an annuity payable for the life of the Annuitant (Defendant R. Clyde White) and an annuity continuing after his death to Plaintiff for the whole of the initial amount payable under Said Contract and under said Option at the time of election.

"Plaintiff would show that in consideration for and in reliance upon Defendant R. Clyde White's agreement with respect to Plaintiff's rights in and to Said Contract that she delivered to her husband, R. Clyde White, from time to time and continuously throughout their marriage, her separate income (as earned by Plaintiff from various jobs held throughout the duration of her said marriage), and that Defendant R. Clyde White accepted such moneys and expended said moneys for his personal use, as well as for the common use of said parties. Plaintiff would further show that said agreement was repeated, confirmed and ratified at various occasions during her marriage with Defendant R. Clyde White and that it was specifically agreed that the moneys being paid as premiums upon Said Contract were to constitute the joint savings of the parties and that

the parties would share equally in the annuity benefits under Said Contract with the annuity payments to be elected in the future continuing after the death of Defendant R. Clyde White to the Plaintiff under the aforesaid Option A(2). Plaintiff would show that in reliance upon the aforesaid agreement, she did not invest any of her separate income or moneys into savings, annuities, or other retirement plans, nor did she accumulate any separate investments or other properties by which she might provide income for herself in her old age.

"On or about September 20, 1962, the Defendant R. Clyde White breached his agreement and contract with Plaintiff by removing her as primary beneficiary of the death benefit provided under Said Contract and replacing her with other beneficiaries. Plaintiff would further show that Defendant R. Clyde White has evidenced his intention to further and irrevocably breach his obligation to designate Plaintiff as the surviving annuitant and beneficiary under the aforesaid Option A(2) of Paragraph 17 of Said Contract and has threatened to appropriate Plaintiff's interest under Said Contract wholly unto himself. Plaintiff has good reason to believe that the Defendant has already made efforts to alienate her interest in and to Said Contract and to breach his aforesaid agreement with Plaintiff or that he will do so in the near future unless restrained and enjoined by this Court. Plaintiff further believes that the Defendant TIAA will proceed to make annuity payments to Defendant R. Clyde White within the near future in disregard and violation of Plaintiff's property rights thereunder and without making provision for her survivorship rights under the aforesaid Option A(2) of Paragraph 17, of Said Contract.

"Plaintiff would show that no provision exists under the terms of Said·

Contract by which the accumulation of premiums paid into Said Contract can be surrendered for a present cash value. Further, Plaintiff would show that if Defendant R. Clyde White were allowed to make election under the terms of Said Contract without providing a surviving annuity right thereunder to Plaintiff, that all rights under Said Contract would terminate upon the death of Defendant R. Clyde White and that Plaintiff would then have no recourse or remedy by which she could enforce her rights under Said Contract against Defendant TI AA. Further, Plaintiff would show that the accumulation in Said Contract constitutes the virtual entirety of the property owned by Defendant R. Clyde White and that a judgment for damages against R. Clyde White would be meaningless as Said Contract could not be invaded for satisfaction of such judgment. For these and other reasons which Plaintiff would show upon the trial of this cause, Plaintiff seeks specific performance of the contract and agreement of R. Clyde White and submits that she has no adequate remedy at law thereto.

"In the event that specific performance is not granted Plaintiff, Plaintiff would alternatively submit that she has been damaged by Defendant's, R. Clyde White's, breach of his agreement and contract, in the sum of $23,500.00."

R. Clyde White filed his answer to this suit by his former wife and denied the allegations contained in the petition and affirmatively alleged the judgment in the divorce case and the division of the property, including the retirement annuity with the Teachers Insurance and Annuity Association of America, wherein the title to the annuity contract was awarded to the defendant, R. Clyde White, in the divorce action.

The defendant, Teachers Insurance and Annuity Association of America, filed its answer, the material part of which is as follows:

"This defendant alleges that insofar as the controversy between the plaintiff, Virginia K. White and the defendant, R. Clyde White, is concerned that is a mere stake holder and as such will abide by the final judgment of this Honorable Court. Accordingly this defendant neither admits nor denies the allegations of plaintiff's said original petition; alleges that, insofar as it is concerned, these allegations represent the controversy between plaintiff and the defendant, R. Clyde White and neither call for admission nor denial by this defendant."

In due order, the defendant, R. Clyde White, filed a motion for summary judgment which alleged as follows:

"That the matters now sought to be placed in controversy by the Plaintiff's Original Petition filed herein have heretofore been adjudicated and settled between Virginia K. White and R. Clyde White, the parties hereto, by the terms of the Final Judgment heretofore rendered and entered by the Court of Domestic Relations No. 2 of Harris County, Texas, in Cause No. 606,084, on the docket of said Court, styled 'R. Clyde White vs. Virginia Kann White'. By the terms of that judgment, a certified copy of which is attached hereto, the annuity held by R. Clyde White with Defendant Teachers Insurance and Annuity Association of America was awarded to this Defendant R. Clyde White as his sole separate property and estate. That such Final Judgment was and is res adjudicata of all matters now asserted by Plaintiff in the above entitled and numbered cause.

"That Plaintiff's Original Petition filed herein constitutes an attempt to collaterally attack the terms of the final judgment so rendered by the Court of Domestic Relations No. 2 in Cause No.

606,084 on the docket of said Court, styled 'R. Clyde White vs. Virginia Kann White'. That such final judgment disposed of all properties and rights to properties of R. Clyde White and Virginia Kann White as same existed prior to such divorce, as well as any and all assertions concerning such property as should have been made in that cause. That the assertions now made by Virginia K. White, if not expressly made in such prior cause were required to have been presented there under the terms of Rule 97(a) of the Texas Rules of Civil Procedure, concerning compulsory counterclaims. That the present Plaintiff's Original Petition does not purport to contain any of the elements of an equitable bill of review, and constitutes nothing more than a collateral attack upon the terms and provisions of the final judgment above mentioned.

"That Plaintiff is estopped to attack the above mentioned final judgment rendered in Cause No. 606,084, and is estopped by the terms of that judgment to again litigate the issues sought to be presented by Plaintiff's Original Petition in this cause. In this connection, Defendant R. Clyde White, would show that Plaintiff has accepted and converted to her own use and benefit the substantial money and properties awarded her by the terms of said final judgment rendered in Cause No. 606,084, and has accepted payment in cash of the sum of $500.00 awarded her by the terms of such final judgment, as attorney's fees. That such judgment has become final, the time for appeal has passed, and the Plaintiff, having accepted the benefits thereof is estopped to attack the terms and provisions of such judgment."

This motion for summary judgment was heard by the court, and on October 4, 1963, was granted and judgment entered that Virginia K. White take nothing as against the defendant, R. Clyde White and Teachers Insurance and Annuity Association of America or either of them. From this judgment, the appellant, Virginia K. White, has duly prosecuted this appeal.

In the case of Driggers v. Business Men's Assurance Company of America, 219 F.2d 292, 296, we find this definition of res judicata:

"'The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.'"

We are of the opinion that this definition is broad enough to sustain the trial court in granting the judgment in this case. If for any reason res adjudicata is not applicable, then estoppel by judgment certainly should prevail.

Article 4638, Vernon's Civil Statutes, provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate. P.D. 3452."

Under this article a divorce court is given a wide discretion in arriving at a proper division of both the separate and

community property of the parties to a divorce decree, and such discretion should not be disturbed on appeal, unless the court has abused its discretion. Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281; Giesler v. Giesler, Tex.Civ.App., 309 S.W.2d 949.

The above statute has been held to be mandatory by the Supreme Court. Ex parte Scott v. Scott et al., 133 Tex. 1, 123 S.W.2d 306. Under this same authority, it is held that the trial court can decree a trust upon the separate property of the husband for the benefit of the wife.

The divorce court did make a division of the property between the Whites, and in adjusting the equity between the parties awarded the annuity contract to the husband. Other property was awarded to the wife, and the divorce decree became final. And now in this present proceeding in a different court, the wife undertakes to secure additional rights to some of the property awarded to the husband in the divorce decree. This court is of the opinion that she cannot do so as long as the divorce decree is in effect.

In the case of Novy v. Novy et al., Tex.Civ.App., 231 S.W.2d 780, where the wife and husband were divorced and a partition of their property was decreed, later the wife discovered that she had been defrauded not only as to the property divided in the divorce decree but other property belonging to the parties not mentioned in the divorce decree was withheld from her and she brought an independent suit to recover the same. The court held that she could maintain her suit as to the property not brought in the divorce decree; but as to the property partitioned in the divorce she could not recover in the independent suit.

In the present suit there is no contention that fraud was involved in the partition in the divorce court; and it is the opinion of this court that, as between the parties to this suit, the divorce decree is a complete bar to re-litigation of the title or any interest in the annuity contract by the parties.

The judgment of the trial court is affirmed.