## C. G. Barrett v. S. E. Spence et al.

### Decided March 27, 1902.

**1.—Land Certificate—Sale by Married Woman—Acknowledgment.**

A parol sale of a land certificate, accompanied by delivery, made by a married woman in 1839, was sufficient to pass the title, although there was no privy acknowledgment.

**2.—Same—Evidence Showing Transfer—Indorsement and Location.**

A written indorsement on the back of a land certificate, made by the grantee therein, transferring it to A., together with proofs of its subsequent location in 1840 by A.'s assignee, who claimed title under it, is sufficient to justify a finding that the grantee sold and transferred the certificate.

**3.—Same—Community Property.**

A bounty land certificate earned by services as a volunteer in the army of the Republic under a law in existence prior to such services, was acquired by onerous title, and though issued to the heirs of such volunteer it was community property of himself and wife where they were married at the time of his enlistment and she survived him.

**4.—Same—Parol Partition—Acquiescence.**

Where a land certificate was located in two tracts, one of which was appropriated by the heirs of the deceased grantee therein and the other by his surviving wife, and such division was acquiesced in for more than half a century, this sufficiently shows a partition of the certificate and the land located by virtue of it.

**5.—Evidence—Certificate of Tax Collector—Tax Title.**

Where no objection was made to proof by certificate of the tax collector as to the rendition of land and nonpayment of the taxes due thereon, an assignment questioning the competency of the evidence to prove the facts can not be sustained.

**6.—Tax Title—Rendition—Identification.**

Error in the rendition of land for taxes as to the number of acres in the tract is immaterial where the land is otherwise identified.

Appeal from Harris. Tried below before Hon. C. E. Ashe.

*McKinney & Hill,* for appellant.

*W. M. Shaw* and *Hutcheson, Campbell & Hutcheson,* for appellees.

GARRETT, Chief Justice.—This was an action of trespass to try title brought by the appellant, C. G. Barrett, against the appellees for the recovery of a tract of 269 4-5 acres of land situated in Harris County, located by virtue of a certificate issued to the heirs of George Lamb, deceased. The trial below was to the court without a jury and judg-

ment was rendered for the appellees. George Lamb left surviving him a wife, Sarah Lamb, who afterwards married Jonathan McGary, and one child, Susan Lamb. The appellant claims title under Susan Lamb and the appellees claim under Sarah McGary and under a tax deed. Sarah, who was then a widow Bankhead, was married to George Lamb in Montgomery County, Texas, about May 1, 1835, and lived with him as his wife until his death. George Lamb was killed in the battle of San Jacinto. After the mariage of Sarah Lamb to Jonathan McGary letters of administration were issued to them jointly upon the estate of George Lamb.

The certificate by virtue of which the land in controversy was located was certificate No. 4454 for 640 acres, and was issued to Jonathan and Sarah McGary as administrators of the estate of George Lamb, deceased, by the Secretary of War on November 26, 1838, for faithful and honorable service and having been killed in the battle of San Jacinto, and contained the recital that the said Jonathan and Sarah McGary, administrators of deceased, were entitled to hold said land, or to sell, alienate, and convey and donate the same, and to exercise all rights of ownership over it. A certificate No. 625 was afterwards issued by the Secretary of War in favor of George Lamb, reciting "that George Lamb (adm.) having fought at the battle of San Jacinto is entitled to six hundred and forty acres of donation land in accordance with the Act of Congress December 21, 1837. Said George Lamb, his heirs, executors, administrators, or their assigns, are entitled to hold said land. But it can not be sold, alienated, or mortgaged; and is exempt from execution during the life of the person to whom it is granted."

Certificate No. 4454 was located in two tracts. A tract of 370 4-5 acres was located in Montgomery County and subsequently the tract in controversy was located in Harris County; both tracts were patented to the heirs of George Lamb, September 7, 1846. The Montgomery County location was surveyed December 15, 1838, as shown by the indorsement of the surveyor on the original certificate. On April 23, 1839, Jonathan and Sarah McGary sold the original certificate as shown by a written transfer thereon to D. H. McGary, who sold it to Erastus Perkins, and the 269 1-5 acres in controversy, the unlocated balance, was surveyed for him in April, 1840. The heirs of George Lamb, from whom plaintiff claims, long prior to the filing of this suit, sold and appropriated to their use the Montgomery County tract, and the appellees claim the Harris County tract under Sarah McGary. Certificate No. 4454, by virtue of which the land in controversy and the Montgomery County tract were located, was not inventoried as a part of the estate of George Lamb, deceased, and was never partitioned otherwise than as indicated by the sale by Sarah McGary and location of the 269 1-5 acres for Perkins and the appropriation of the Montgomery County tract by the heirs. Certificate No. 625 was inventoried and partition was made of it and other property belonging to the estate between the surviving wife and Susan Lamb by the probate court in 1848.

There was a sale of the land in controversy for taxes for the year 1879, made June 23, 1880, to Peter Christen. The trial judge found that the land appeared on the rendered tax roll for 1879 as the property of George Lamb and J. Levy; that the taxes had been duly levied and assessed, and the land regularly sold.

Appellant's first assignment of error, that the court erred in finding that Jonathan and Sarah McGary had transferred the certificate to D. H. McGary, because there was no evidence showing or tending to show that they had ever done so, can not be sustained. The written transfer on the certificate and its subsequent transfer by D. H. McGary to Erastus Perkins and its location by him are facts which strongly tend to show that Sarah McGary and her husband sold and transferred the certificate, and are sufficient to support the finding of the trial judge that they did so, even if it should be held that the transfer in writing without the authentication required by the civil law should not be sufficient as a written conveyance. The certificate for land was personal property and could be sold by parol sale and delivery, and at the time of the sale in question a married woman could sell her property by parol and no writing or privy acknowledgment was necessary. Ballard v. Carmichael, 83 Texas, 364; Monroe v. Searcy, 20 Texas, 351.

But it is contended that the certificate was the separate property of George Lamb and that his surviving wife had no right to convey it. That it was community property seems clear from the manner of its acquisition and the decisions of our Supreme Court upon similar laws granting land to volunteers. It was issued by virtue of an ordinance of the General Council passed at San Felipe de Austin, December 11, 1835 (Paschal's Digest, article 4040), and its purpose was to induce men to volunteer for service in defense of Texas. By a construction of this ordinance in Todd v. Masterson, 61 Texas, 620, it was held that lands received under it were bounties to which rights vested in the soldier during his life by virtue of an enlistment under a law which gave the promise of the government, which became a part of the contract of enlistment. As such it vested in the heir of the person for whose service it was given and became subject to administration. The certificate in question was earned by the service of the volunteer under a contract with the government, and having been thus acquired by onerous title it became the community property of George Lamb and his wife. Nixon v. Land and Cattle Company, 84 Texas, 410; Rogers v. Kennard, 54 Texas, 34; Todd v. Masterson, supra.

The decisions in the cited cases are not rested upon the ordinance by virtue of which the certificate in question was issued, but announce the principle by construction of other ordinances and acts of Congress that land acquired by service under a pre-existing law which was passed to induce it was acquired by onerous title. We conclude that the certificate No. 4454, by virtue of which the land in controversy was located, was the community property of George Lamb and his wife Sarah Lamb. This disposes of the second, third, fourth, fifth, twelfth, and fourteenth

assignments of error. As community property Sarah McGary owned one-half of the certificate and the heirs of George Lamb owned the other half. More than half in acreage of the certificate was located in Montgomery County and was appropriated and sold by the heirs of George Lamb. The surviving wife appropriated the balance, and this division of it has been acquiesced in for more than half a century. While it was shown that the land in Montgomery County was sold for $2 an acre and that the land in Harris County was worth from $6 to $8, it does not appear what the comparative value of the tracts was at the time of the partition or at any time. The probate record shows that the property belonging to the estate was ordered to be equally divided between Sarah McGary and Susan Lamb. The evidence sufficiently shows the partition or division of the certificate and the land located by virtue of it.

No objection was made to proof by certificate of the tax collector that the land in controversy appeared on the rendered rolls for 1879 in the names of G. Lamb and J. Levy and that the taxes were not paid on it for that year, and the appellant's assignment questioning the competency of the evidence to prove the facts can not be sustained. The evidence shows that the land claimed under the tax sale appeared on the tax rolls as 320 acres, and it is claimed that the evidence fails to show that it had ever been assessed for taxes. Other evidence identified its as the same land, and it appeared that there was only one George Lamb location in Harris County. We think the description was sufficient. No error has been shown for which the tax title should be held invalid.

As we are of the opinion that the certificate was community property; and that the title to that part of it by which the land in controversy was located passed by the transfer of it made by Sarah McGary, we deem it unnecessary to consider the questions of the authority of Jonathan and Sarah McGary to transfer it as administrators of the estate of George Lamb, deceased, or of the effect of the recital in the certificate of their power to alienate it. The fifteenth assignment of error must be overruled, because appellee's title acquired under the partition of the certificate in 1838 can not be affected by an error or irregularity in the subsequent partition of the other property of the estate made in 1848 in which certificate No. 625, though the separate property of George Lamb, was partitioned. The judgment is affirmed.

*Affirmed.*