**AMES v. AMES.**

No. 11722.

Court of Civil Appeals of Texas. Galveston.

June 7, 1945.

Rehearing Denied June 28, 1945.

Fentress Bracewell, of Houston, for appellant.

Walter T. Keith, of Houston, for appellee.

CODY, Justice.

This is a suit for a divorce and a division of the property of the parties brought by Mae Cross Ames against J. D. Ames. There were no children born of the marriage. There is no contention that the ground for divorce urged by the appellee, Mae Cross Ames, which was cruelty, was not fully made out. And the judgment awarding her a decree of divorce is not assailed on appeal. Appellant, J. D. Ames, complains by this appeal solely of

the division of the property made by the judgment rendered below.

The trial was before the court without a jury. In the judgment rendered by the court certain findings were made which, so far as they are pertinent to this appeal, are as follows:

1. That the parties married on June 1, 1939, and separated on September 5, 1944.

2. At the time of the marriage appellant owned as his separate property certain real estate having the monthly rental value of $65. That during the continuance of the marriage the parties collected therefrom rent in the sum of $3,315.

3. That during the continuance of the marriage the current taxes on said real estate were paid out of community funds "in the sum of $676.63, to one-half .(½) of which Plaintiff (appellee) is entitled to reimbursement, to-wit: the sum of $338.31".

The Court rendered judgment that appellee recover from appellant the sum of $807.87, which sum is inclusive of the sum of the $338.31.

No findings were requested, and none were filed except those incorporated in the judgment. No statement of facts has been brought up.

Appellant predicates his appeal on a single point, which he states thus:

"The Court erred in charging the appellant with the entire taxes on his separate real estate when under the findings of the court the property produced far more revenue than the taxes, and such revenue became a part of the community."

### Opinion.

By force of R.C.S. Art. 4619, Vernon's Ann.Civ.St. Art. 4619, the husband is the manager of the community, and, absent fraud against the rights of the wife, he can, as such manager, lay out the community funds as he sees fit. As a matter of law it was no fraud against his wife for appellant to pay the taxes in question with community funds. Indeed it seldom happens that the husband comes into possession of separate funds. The income from his separate property is community. Since, under the facts of this case, the husband, as manager of the community estate, had the absolute right to pay the taxes in question with community funds, he did not become answerable, upon the dissolution of the marital status, to his former wife in an amount equal to half of the sum of the taxes so paid.

However R.C.S. Art. 4638, provides in part: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party * * *."

It has been uniformly held that this statute describes the discretion which the court may exercise in dividing the estate of the parties when he pronounces a decree of divorce, and that such discretion may be corrected on appeal only where an abuse of it is shown, in that the disposition made of some of the property is manifestly unjust and unfair. Williams v. Williams, Tex.Civ.App., 171 S.W.2d 530, and cases there cited.

We have selected Williams v. Williams for citation because in that case the trial court, as in this, awarded the wife, in dividing the property, half of the taxes which had been paid on the husband's separate property. Such division was sustained because it was not there shown to have been an abuse of the trial court's discretion. And here from the allegations of appellee's petition, it appears that the cruelty charged was of more than ordinary gravity. From appellant's pleadings it appears that he had been held incommunicado in prison on complaint of his wife. In the absence of a statement of facts, and in the absence of anything to the contrary appearing of record, we must presume in support of the judgment that sufficient evidence was adduced to sustain the exercise of the court's discretion dividing the property, as set forth in the judgment.

If it could be said that it appears from the judgment in this case that the court had concluded that there was no occasion here to exercise any discretion in dividing the property, and merely intended to divide the estate of the parties upon a strictly legal basis; but through a mistaken opinion of the law awarded appellee recovery of a sum equal to half of the aforesaid taxes; it would become our duty to reverse the judgment so far as it awarded the appellee such sum. Yet even if it could be said that it appears from the judgment that the court was of the opinion that the wife was, in strictness of law, entitled to recover from the husband half of the taxes paid on

his separate property (and we consider it unnecessary to pass thereon), it certainly does not appear that the court did not consider it just and right, having due regard to the rights of the parties, that the wife should recover by way of division of the property, according to the judgment rendered.

Appellant's point is overruled, and the judgment is affirmed.

Affirmed.