KIPPING *v.* KIPPING.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

248

E. M. YERGER, of Clarksdale, Miss., for appellant.

GEORGE S. BUCKNER, of Murfreesboro, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The petition which presents the question to be determined on this appeal was filed by Mrs. Ruth Reagor Kipping as Trustee for her minor son, against her former husband, Paul Kipping, to secure a declaration from the Chancellor (Code sec. 8835 *et seq.*) of the proper credit and application of the sum of $1761.57, which had been paid to her as trustee, by the United States Government for the support and education of her said minor son. The petition was filed as a supplement to the divorce proceeding which had been retained in Court "for such further orders and decrees as may be deemed necessary by the Court."

In the cause, on September 5, 1942, Mrs. Kipping had obtained a divorce from her husband, Paul Kipping, and in the divorce decree she secured the custody of her minor child, Paul Kipping, Jr., and in that decree it was further provided by consent of parties, that Paul Kip-

ping, Sr., should pay to Mrs. Kipping the sum of $5,000 in installments and for purposes as follows:

"He will also pay to complainant, Mrs. Kipping, Trustee, without bond, the sum of $1250, annually, for four years, for the support of their minor child, Paul Kipping, Jr., these payments to be made annually, beginning on October 15, 1943, and thereafter on said date, until the said sum of $5000.00 shall be paid complainant, Trustee, for the support of said child."

On the 2nd day of November, 1942, Paul Kipping, Sr., volunteered in the United States Army, and remained in military service until the 26th day of May, 1945. During his months of military service under the "Servicemen's Dependents Allowance Act of 1942," 37 U. S. C. A. Sections 201 through 221, the United States Government paid to the former wife the sum of $1761.57, of which $384.30 was deducted from the soldier's pay, and $1377.27 contributed by the Government. The question presented by the appeal is what part, if any, of this $1761.57 shall be credited on the $5,000 judgment against Paul Kipping, Sr.

The Chancellor held that the sum of $384.30 deducted from the soldier's pay should be so credited, but he held further that the sum of $1377.27 should not. From this decree Defendant has perfected the appeal and insists simply that he was entitled to credit for the full amount of $1761.57 on the judgment for $5,000.

The question presented is apparently a new one. Counsel has not found, nor have we, by independent investigation, any reported case which is in point. The Chancellor wrote no opinion to explain his holding, but we may infer the reasons for his decision from the following language in the decree:

". . . for the voluntary allowance or payment made to said Paul Kipping, Jr., or to his Mother, the complainant Mrs. Ruth Reagor Kipping, in trust, under and by virtue of an Act of Congress."

▮▮▮▮ If we rightly understand the meaning and use of the phrase, "for the voluntary allowance or payment," the Chancellor was of the opinion that $1300 was a gratuity flowing from the Government to the minor son for the education and support of the latter. We think this was erroneous. The right of the soldier to dependents' allowance was an integral part of his contract of enlistment. It was an inducement for enlistment, which in this case was voluntary, and as an incident of the contract was doubtless enforcible at law. The common law duty of Paul Kipping, Sr., to support and educate his minor son had been liquidated in the Chancery decree of September 5, 1942, and the amount that he owed for such education and support fixed at $5000, payable in four annual installments. When, therefore, he sacrificed his civilian earning capacity by enlisting in the Army, it seems reasonable to us that his military earning capacity was substituted. The Congressional purpose in passing the "Servicemen's Dependents Allowance Act of 1942," 37 U. S. C. A., secs. 201 through 221, was to enable the enlisted man to meet to some extent, his common law obligations of support and maintenance of dependents. This is clear from a reading of the Act, and it is further clear from Section 206, that where such common law obligation has been liquidated by Court order, that the dependent allowance would be modified accordingly.

"Section 206. (1) to a wife living separate and apart from the enlisted man under a permanent or temporary court order or decree or written agreement, the amount

of the family allowance payable to such wife shall not exceed the amount provided in such order, decree, or written agreement to be paid to such wife, and if such order, decree, or written agreement provides no amount to be paid to such wife, no family allowance shall be payable to her; or

" (2) to a former wife divorced, the amount of the family allowance payable to such former wife divorced shall not exceed the amount fixed in the court order or decree as the amount to be paid to such former wife divorced."

In the present case and by analogy, we think that the total amount paid to the petitioner by the Government, both the amount deducted from the soldier's pay and that contributed by the Government, should be credited on the judgment against the defendant for $5000 for the support and education of his minor son.

The assignment of error is sustained and the decree below modified, and the cause remanded for entry of a decree in accordance with this opinion.

In view of all the circumstances of the appeal, we do not think that the minor's estate should be burdened with the costs, and the costs are adjudged against the appellant.

All concur.