## STERRETT v. STERRETT.

No. 15119.

Court of Civil Appeals of Texas.
Fort Worth.
March 10, 1950.

Vera P. Street, of Terrell, for appellant.

Mohrle, Oster & Kaufman, and Stanley M. Kaufman, all of Dallas, for appellee.

HALL, Justice.

On the 26th day of July, 1949, a district court of Kaufman County, Texas, entered a decree for divorce in favor of plaintiff, who is appellant, Catherine Sterrett, from appellee, John Sterrett, the defendant; in said decree the trial court entered the following findings:

"The Court further finds that during this marriage certain real estate was purchased by the plaintiff, as follows: (Here follows description of property); that the deed to such real estate was made in the name of both the plaintiff and the defendant; that at the time such real estate was purchased, the defendant was a member of the U. S. Armed Forces and that the money with which the real estate was purchased was that of an allotment made out by the United States Government to the plaintiff herein; that the plaintiff was a Class A dependent under the Servicemen's Dependents Allowance Act of 1942, as amended,

342

and that the allotment amounted to $50.00 per month; that upon receipt of this allotment money by plaintiff she deposited it in an account carried in the name of both the plaintiff and the defendant; that no checks were ever drawn on the account by the defendant but that both parties considered that he had the right to draw upon the account; that improvements in the nature of a dwelling were built upon this lot with money secured from the same source, plus 5 windows supplied by the defendant, and that taxes and insurance have been paid by the plaintiff; and that plaintiff supervised the building of the residence; that defendant has spent only one night in the house and that night was after his assumption of relations with another woman, but prior to the date that this came to the knowledge of the plaintiff; that all the improvements were placed upon the real estate after date of the defendant's pretended marriage to Ezma Leona Starks.

"The court is of the opinion that the said above described real estate is community property and that a receiver should be appointed to make a sale of the property and divide the proceeds equally between the parties hereto.

"The Court finds that no children were born to this marriage."

Appellant Catherine Sterrett appeals from that portion of the judgment designating the property involved to be community, which subject is composed in her first point. To support such contention she argues that the evidence upon which the court based the above findings clearly shows that the money with which the real estate was purchased and with which improvements were built was that received by her from the Government under the Servicemen's Dependents Allowance Act of 1942, as amended, and therefore was her separate property.

Such contention places before this court the question of whether governmental allotment to a serviceman's wife is her separate property or community property. We will therefore not discuss the subsidiary question as to whether the deed having been made in the name of both appellant and appellee would support the judgment of the trial court, and neither will we undertake to write upon the subject of whether or not the money in question placed in a joint bank account between appellee and appellant will support the judgment, since we are under the thorough conviction that the fund from which the property in question was purchased will support the trial court's judgment to the effect that said property was community rather than appellant's separate property.

Appellant relies mainly upon the theory that the Government allotment sent to her by her Federal Government was a gift and therefore under Article 4614, Vernon's R. C.S., became her separate property. She admits, however, that her problem is in determining the nature of the allowance made by the Government, having been found by the court to be Class A dependent under the Servicemen's Dependents Allowance Act of 1942, as amended, Title 37 U.S.C.A. §§ 201 to 221, which at this time shows to have been repealed. Portions of the Act upon which she relies are as follows:

"The monthly family allowance payable * * * to the dependent or dependents of any such enlisted man shall consist of the Government's contribution to such allowance and the reduction in or charge to the pay of such enlisted man, 'except as to the initial family allowance provided by Section 107(a) hereof.' (Sec. 207(a) of this title)." 56 Stat. 381, § 102, as amended 57 Stat. 577, § 2.

"Entitlement to and payment of any family allowance authorized under provisions of this title (sections 201 to 221 of this title) to the dependent or dependents of any enlisted man shall not be contingent upon pay accruing to such enlisted man or upon the monthly pay of such man being reduced by or charged with any amount." 56 Stat. 381, § 110(a), is amended 57 Stat. 580, § 10.

"The monthly family allowances payable under the provisions of this title (sections 201 to 221 of this title) shall not be assignable; shall not be subject to the claims of creditors of any person to whom or on behalf of whom they are paid; and shall not

be liable to attachment, levy, or seizure by or under any legal or equitable process whatever." 56 Stat. 385, § 115.

Appellant also cites for authority Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929. She gives the following definition of "pension," as stated in 32 Tex.Jur., p. 769:

"A regular allowance paid to an individual by a government in consideration or recognition of services rendered or of loss or damage sustained in the public service. Grant * * * does not impose a contractual obligation; the allowance is gratuitous and in its continuance the pensioner has no vested right."

Appellee contends the court was correct in holding the property to be community because the allowance received by appellant was made up of money from appellee's wages matched by government money and was considered compensation earned by appellee. He cites for authority Sherburne's Adm'r v. U. S., 16 Ct.Cl. 491, thus: "Pay is a fixed and direct amount given by law to persons in military service, in consideration of and as compensation for their personal service. Allowances, as they are now called, or emoluments, as they were formerly termed, are indirect or contingent remuneration, which may or may not be earned, and which is sometimes in the nature of compensation, and sometimes in the nature of reimbursement. Both pay and allowances are compensation for services while in service * * *", and also Kircher v. Murray, C.C., 54 F. 617, affirmed 5 Cir., 60 F. 48, which holds in substance that land given to volunteers in consideration of entering military service of Texas in her war of independence was held community property and was not a donation for services performed but was part consideration for such services. He further cites Wilkinson's Heirs v. Wilkinson, 20 Tex. 237, which held in substance that land granted to a husband under the law for the purpose of inducing him to volunteer for service in defense of Texas became community property. See also Barrett v. Spence, 28 Tex.Civ.App. 344, 67 S.W. 921.

Neither party cites us a case in determining the nature of the allowance made by the Government to a serviceman's dependent under Class A. However, we note the case of Kipping v. Kipping, by the Supreme Court of Tennessee, 186 Tenn. 247, 209 S.W.2d 27, 28, wherein Mrs. Kipping obtained a divorce against her husband, Paul Kipping, on September 5, 1942; he was ordered to pay the sum of $1250 annually for four years toward the support of their minor child, Paul Kipping, Jr.; in November, 1942, Paul Kipping, Sr., volunteered in the U. S. Army and remained in said service until 1945; during his months of military service, under the Act in question before us, the United States Government paid to his former wife the sum of $1761.57, of which amount $384.30 was deducted from his pay, leaving $1377.27 contributed by the Government, and as said in that case "the question presented by the appeal is what part, if any, of the $1761.57 shall be credited on the $5000 judgment against Paul Kipping, Sr.

"The Chancellor held that the sum of $384.30 deducted from the soldier's pay should be so credited, but he held further that the sum of $1377.27 should not. * * *

"If we rightly understand the meaning and use of the phrase, 'for the voluntary allowance or payment,' the Chancellor was of the opinion that $1300 was a gratuity flowing from the Government to the minor son for the education and support of the latter. We think this was erroneous. The right of the soldier to dependents' allowance was an integral part of his contract of enlistment. It was an inducement for enlistment, which in this case was voluntary, and as an incident of the contract was doubtless enforcible at law. The common law duty of Paul Kipping, Sr., to support and educate his minor son had been liquidated in the Chancery decree of September 5, 1942, and the amount that he owed for such education and support fixed at $5000, payable in four annual installments. When, therefore, he sacrificed his civilian earning capacity by enlisting in the Army, it seems reasonable to us that his military earning capacity was substituted. The Congressional purpose in passing the 'Servicemen's Dependents Allowance Act of 1942,' 37 U.S.C.A. §§ 201 through

221, was to enable the enlisted man to meet to some extent, his common law obligations of support and maintenance of dependents. This is clear from a reading of the Act, and it is further clear from section 206, that where such common law obligation has been liquidated by Court order, that the dependent allowance would be modified accordingly. * * *

"In the present case and by analogy, we think that the total amount paid to the petitioner by the Government, both the amount deducted from the soldier's pay and that contributed by the Government, should be credited on the judgment against the defendant for $5000 for the support and education of his minor son."

We also find in the case of Keen v. Goodwin, 28 Wash.2d 332, 182 P.2d 697, the court held in substance that the law in question was enacted for a two-fold purpose, first, to see to it that a serviceman's dependents would not be in want or a care upon local communities; and second, to relieve a serviceman from concern for the well-being of his family.

We find also the amount of money in question was a part of appellee's compensation for services rendered to his Government in time of war and therefore same is community property under our state laws. See cases cited in 134 A.L.R., pp. 366–373.

Appellant's second point is comprised of a theory that the trial court abused its discretion in not awarding to her a life estate in appellee's one-half of the property involved.

The law manifestly gives the trial court wide discretion while exercising its right in dividing an estate between parties for divorce and the appellate courts will not disturb the trial court's findings on the property settlement between the parties unless such discretion is plainly abused to the extent that such disposition of the property between the parties made by the trial court is shown to be manifestly unjust and unfair. Williams v. Williams, Tex.Civ. App., 171 S.W.2d 530; Ames v. Ames, Tex. Civ.App., 188 S.W.2d 689.

Under the facts in this case and more particularly since appellant did not plead for such relief, we overrule her point two.

Finding no error in the trial court's judgment, the same is affirmed.