No. 42,777

ROSEMARY KOONS, *Appellant,* v. WALLACE G. KOONS, *Appellee.*

(372 P. 2d 62)

Opinion filed June 9, 1962.

*William M. Cook,* of Kansas City, was on the briefs for appellant.

No appearance was made by appellee.

The opinion of the court was delivered by

FATZER, J.: This proceeding involved the payment of child support money. The appeal is from an order overruling the plaintiff-appellant's motion for citation in contempt and sustaining the defendant-appellee's motion to be allowed credit for overpayment of support money ordered to be paid under the divorce decree.

The plaintiff was granted a divorce from the defendant on De-

cember 7, 1956, and was awarded the care, custody and control of Steven Koons, the minor child of the parties, subject to reasonable visitation rights of the defendant. The decree provided that the defendant was to pay plaintiff the sum of $60 per month for the support of the minor child, which has not been modified by the court and is in force and effect.

Following the divorce of the parties, the defendant entered military service in March, 1957, and authorized the proper authorities to make an allotment for the benefit of his minor dependent, Steven Koons, under then current United States statutes and regulations of the department of the Army known as a Class "Q" allotment provided by Title 37, U. S. C. A., §§ 231-252. The defendant's testimony was to the effect that the allotment amounted to $77.10 per month and that none of that amount was deducted from his base pay. During the four years the defendant was in military service the sum of $77.10 was paid monthly to the plaintiff for the support, care and maintenance of the minor child.

Following the defendant's discharge from military service on March 1, 1961, he failed to pay child support in the sum of $60 per month although he testified he had a savings account and was financially able to do so.

The defendant contends that the plaintiff was overpaid for a period of 47 months in the sum of $17.10 per month, amounting to a total of $803.70, and that he should be credited with that amount to satisfy future support payments under the divorce decree.

The plaintiff contends that the defendant is in default of his obligation under the divorce decree from April 1, 1961, and asserts that he is in contempt of court. She further contends that while the government allotment satisfied the accruing monthly liability for child support under the divorce decree during the period the defendant was in military service, the surplus or excess received by her was for the benefit of the minor child and did not constitute prepayment of amounts to accrue under the decree after the defendant's military service ended.

The parties concede there is no Kansas statute which governs the matter, and that no decision of this court has previously determined the question. Our attention is directed to *Keen v. Goodwin*, 28 Wn. 2d 332, 182 P. 2d 697, *Hinton v. Hinton*, 211 Ark. 159, 199 S. W. 2d 591, and *Palow v. Kitchin*, 149 Me. 113, 99 A. 2d 305, where it was held that although the federal act relative to allotments was not a

substitute for and did not in and of itself discharge the liability of the defendant under the divorce decree, it does not follow that the payments thereof when actually made, they being more than a sufficient amount therefor, did not discharge the liability which had already accrued under the decree. In *Palow v. Kitchin,* supra, it was further held that the excess of the amount received from allotments over and above the payments due under the decree for the same period as that for which the allotments were made, did not constitute a prepayment of amounts to accrue under the decree after the termination of the period for which the allotments were paid.

In the instant case the allotment payments were not made under the divorce decree, but were made under federal statutes and regulations of the department of the Army, and the defendant was properly given credit therefor. (*Kipping v. Kipping,* 186 Tenn. 247, 209 S. W. 2d 27, 29; *Brooks v. Brooks,* 204 Ga. 412, 49 S. E. 2d 881.) They were made during the 47 months of the defendant's military service and were in an amount sufficient to discharge his obligation for child support until the time of his discharge and he owed nothing thereon on March 1, 1961. However, his obligation to pay $60 per month for the support of his minor child did not cease upon his discharge from military service. That obligation continued and now exists, and the plaintiff's contention that he is in default of his obligation under the divorce decree from April 1, 1961, is well taken. The amounts received from the allotment over and above the payments due under the divorce decree did not constitute a prepayment of the amounts which accrued monthly under the decree. (*Keen v. Goodwin,* supra; *Hinton v. Hinton,* supra; *Palow v. Kitchin,* supra.)

The defendant is properly charged with the support of his minor child from April 1, 1961, and it being conceded that he made no payments after March 1, 1961, the district court erred in overruling the plaintiff's motion for citation in contempt, and in holding that the defendant should be allowed credit for the overpayment of $803.70.

The foregoing conclusion requires a reversal of this case, but we note that an order overruling or sustaining a motion for citation in contempt to enforce payment of child support ordered to be paid in a divorce decree is not, standing alone, a final order as defined by G. S. 1949, 60-3303, and therefore not appealable. However, the order sustaining the defendant's motion to be allowed credit for

overpayment of support money was a final order and appealable. That being the case, and the appeal being timely perfected from that order, the propriety of the district court's order overruling the plaintiff's motion for citation in contempt is reviewable under G. S. 1961 Supp., 60-3314a.

The judgment is reversed.