**Tom R. HARRISON, Appellant,**

v.

**Yvonne HARRISON, Appellee.**

No. 701.

Court of Civil Appeals of Texas,
Tyler.

April 26, 1973.

Rehearing Denied May 31, 1973.

1

Ralph W. Currie, Muse, Currie & Kohen, Dallas, for appellant.

Larry S. Parnass, Parnass, Clement & Cline, Irving, for appellee.

MOORE, Justice.

Appellee, Yvonne Harrison, brought suit against her husband, Tom R. Harrison, for a divorce, custody of a male child and for a division of the community property. After a trial before the court, sitting without a jury, the trial court rendered judgment granting appellee a divorce, dividing the community property and awarding Mrs. Harrison the care, custody and control of Bryant Harrison. Appellant, Tom R. Harrison, duly perfected this appeal but has specifically limited the scope of his appeal to that portion of the judgment relating to the award of custody and the division of the community property.

By his first point of error appellant seeks a reversal on the ground that the trial court abused its discretion in awarding custody of the minor child to Mrs. Harrison. He contends that he should have been awarded custody.

In the findings of fact and conclusions of law, the trial court found: (1) that Thomas Bryant Harrison is (at time of trial) now residing with his mother, Yvonne Harrison, and currently in her custody and control; (2) that she is a fit and proper person to have the permanent custody and control of her said son; (3) that Tom R. Harrison is a fit and proper person to have the permanent custody and control of Thomas Bryant Harrison; (4) that the best interests of Thomas Bryant Harrison will be served by awarding his permanent custody and control to Yvonne Harrison; and (5) that Tom R. Harrison is to have all rights of reasonable visitation.

According to the testimony of Mrs. Harrison, the parties had a "fine, honest, Christian marriage for twenty-four years." During that time two children were born of the marriage, a girl now twenty-two and a boy, Bryant Harrison, age nineteen. She testified that because of personality conflicts over a number of years the mar-

riage became insupportable. The trial court found the marriage had become insupportable without regard to fault, because of discord and conflict of personalities. At the time of the divorce Bryant Harrison was in college but continued to maintain his home at the family homestead in Dallas when not in school. During the time the parties were separated, he continued to live in the home and was living there at the time of trial. The trial court found that both parties were fit and proper persons for custody and we find nothing in the record to the contrary. From their testimony it appears that both parties bear great affection for their son and are deeply concerned with his welfare. Under these facts, the determination of what would be to the best interest of the child, no doubt created a difficult decision for the trial court.

In the matter of the custody of a minor child, trial courts are properly accorded a wide discretion. They have before them in person the parties and the witnesses. They are in a position to judge temperament, conduct, appearance, credibility, and many other characteristics of the litigants which are material to the difficult decision as to how the welfare of the child will be best subserved, and none of which appear in the transcription of the testimony which an appellate court must review. For that reason, the judgment of a trial court should be disturbed only when there appears a clear abuse of discretion. Rauh v. Rauh, 267 S.W.2d 584 (Tex.Civ.App., Galveston, 1954, n. w. h. ) ; 20 Tex.Jur.2d, Divorce and Separation, sec. 376; Holitzke v. Holitzke, 476 S.W.2d 360 (Tex.Civ.App., Tyler, 1972, writ dism.). As we view the record, it cannot be said that a clear abuse of discretion was shown. While the findings of fact do not specifically delineate the reasons why the court concluded that the welfare of the child would be better served by awarding custody to the mother, it may well be that the court felt that since the child had always made his home in the family homestead and since Mrs. Harrison was awarded the home in the divorce decree, that the child's interest would be best served by awarding custody to her in that it would tend to lend some measure of stability to his home life whereas the other alternative might have been disturbing.

By the second, third and fourth points of error appellant urges that the trial court abused its discretion (1) in awarding appellee any interest in the homestead, and (2) in awarding appellee the exclusive use of the homestead for five years with an option to buy appellant's interest for $15,000.00 during such period of time.

It is without dispute that the homestead was community property. After awarding appellee the homestead for a period of five years with an option to buy same for $15,000.00, the judgment further provided that she was to pay the mortgage payments, taxes and upkeep during such period of time and that in the event she failed to exercise her option to buy within such time, the property was to be sold and the net proceeds were to be divided equally, after reimbursing Mrs. Harrison for the principal paid by her on the mortgage indebtedness.

In connection with the homestead the trial court found the homestead had a value of approximately $32,000.00 less a mortgage indebtedness of $2,615.00.

The power of the court to make a division of the community property extends to the homestead as well as any other property. The court may properly award the wife the community property homestead or set aside the homestead to the wife's separate use for a limited time. Speer's Marital Rights in Texas, Fourth Ed. Vol. 3, sec. 839; Evans v. Evans, 50 S.W.2d 842 (Tex.Civ.App., Ft. Worth, 1932, err. ref.) ; Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App., Waco, 1951, err. dis.). We find no merit in appellant's contention that the trial court abused its discretion in granting the wife the use of the homestead for a period of

five years or in allowing her to purchase his one-half interest therein for $15,000.00 during such time.

By his fifth point appellant contends that the court abused its discretion in awarding Mrs. Harrison a greater share of the community estate than that awarded to appellant. Specifically, he argues that the court abused its discretion in failing to consider the relative wealth of the parties, the size of appellee's separate estate, and the relative needs of the parties for future support.

The record reveals that Mrs. Harrison owned as her separate property a large farm of the value of approximately $300,000.00 which the court awarded to her. The record also shows that among the various items of community property, the parties owned a 142-acre farm of the approximate value of $35,537.50. In dividing the community estate the trial court awarded the 142-acre farm to appellee. Appellant contends that since this was the only real property acquired by the parties during their marriage except the homestead, the trial court should have, in equity, awarded him the farm in order to make a more equal distribution of the community property. According to our calculations, the trial court awarded appellee community property of the approximate value of $68,500.00 and awarded appellant community property of the value of approximately $39,000.00, assuming each party would subsequently receive approximately $14,600.00 each from the sale of the homestead. The foregoing division, however, does not take into consideration the fact that appellant was awarded a business. In this connection the record shows that appellant was a manufacturer's representative and conducted the business under the name of Tom R. Harrison & Co. The business netted $29,275.90 in 1968; $30,594.20 in 1969; $36,280.46 in 1970, and in 1971 netted $32,611.70.

■ Under the provisions of Article 4638, Vernon's Annotated Civil Statutes, the court has jurisdiction in a divorce action to decree a division of the estate of the parties in any such way as the court may deem just and right, having due regard for the rights of each party. It has been uniformly held that this statute describes the discretion which the court may exercise in dividing the estate of the parties when he pronounces a decree of divorce and that such discretion may be corrected on appeal only where an abuse of it is shown, in that the disposition made of the property is manifestly unjust and unfair. Ames v. Ames, 188 S.W.2d 689 (Tex.Civ.App., Galveston, 1945, n. w. h.); Williams v. Williams, 171 S.W.2d 530 (Tex.Civ.App. Amarillo, 1943, n. w. h.); Hursey v. Hursey, 165 S.W.2d 761 (Tex. Civ.App., Dallas, 1942, writ dism.); Allen v. Allen, 284 S.W.2d 774 (Tex.Civ.App., Galveston, 1955, writ dism.). Also, under this statute, the division of the property does not have to be equal. Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App., Tyler, 1966, n. r. e. ).

■■ Appellant's burden on this appeal was to show by the record that there was no rational basis for the division made by the trial court, which is to say that the division is manifestly so disproportionate as to constitute an abuse of judicial discretion. Dorfman v. Dorfman, 457 S.W.2d 417 (Tex.Civ.App., Texarkana, 1970, no writ). In view of the fact that the trial court awarded appellant a substantial part of the community property as well as a going business enterprise from which he made substantial profits, we are not prepared to hold that the division was such as to demonstrate that the court failed to consider the relative wealth of the parties and the relative need of the parties for future support, so as to constitute an abuse of judicial discretion.

Finding no reversible error the judgment of the trial court is affirmed.