(900 P.2d 860)
No. 73,239

In the Matter of the Marriage of BLANE WILLIAMS, *Appellant*, and RUBY M. WILLIAMS, *Appellee*.

Opinion filed August 4, 1995.

*Andrea M. Ramsay*, of Wichita, for appellant.

*Dennis J. Molamphy*, of Wichita, for appellee.

Before GREEN, P.J., ELLIOTT, J., and DAVID F. BREWSTER, District Judge, assigned.

ELLIOTT, J.: Blane Williams appeals the trial court's ruling that social security disability payments to his minor child could not be used to offset child support arrearages which accrued prior to the date the disability payments began.

We affirm.

The facts of this tragic case were stipulated. Blane and Ruby Williams were divorced in 1985, and Blane was ordered to pay $250 per month in child support for their minor son. He stopped making those payments in December 1986.

In 1989, the Social Security Administration (SSA) found Blane to be totally disabled due to a mental condition. SSA paid Blane and his son a lump sum for May through September 1989. Since then, each receives a monthly check—Blane currently in the amount of $1,038 per month and the son in the amount of $555 per month.

Sometime in 1994, Ruby sought to garnish Blane's disability checks for child support arrearages. Since September 1994, SSA has attached 65% of Blane's monthly check to satisfy the arrearage.

The trial court eventually reduced Blane's child support obligation to $151 per month and ruled the SSA benefits received by the son were to be credited against current support then due, but that Blane was not entitled to any credit against past due support. The arrearage was found to be over $12,000.

Blane first contends the trial court erred in not finding any support obligation at least five years old to be dormant and therefore extinguished. Child support payments vest as they accrue and become final judgments on the dates they become due and unpaid. *Michels v Weingartner*, 254 Kan. 44, Syl. ¶ 1, 864 P.2d 1189 (1993).

K.S.A. 60-2403(a)(1) provides that all judgments become dormant after five years—but that merely prevents the dormant judgment from operating as a lien on the judgment debtor's real estate. But a dormant judgment may not be extinguished until it has remained dormant for a specified period of time. For child support judgments, that time is "the period prior to the child's emancipation plus two years." K.S.A. 60-2403(b)(1); see K.S.A. 60-2404.

As a result, the trial court did not err with respect to its findings regarding the effect of the dormant judgments for child support; they are attachable.

Blane next contends the trial court erred in finding the amount of the child's SSA benefits in excess of Blane's monthly child support obligation could not be credited to the support arrearage.

This is a question of first impression in Kansas and is one of law; our review, therefore, is plenary. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

The trial court ruled the child's monthly benefit checks served as a credit against Blane's child support obligation for the corresponding month. So long as the benefit check exceeded that month's support obligation, no additional child support would be due for that month. And even though the child's monthly benefit payment exceeded Blane's child support obligation, that excess could not be credited against Blane's arrearage.

We have found only one Kansas case dealing with crediting social security benefits against child support obligations: *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975). There, a credit was recognized, but only to the amount of the current support obligation. To the extent the social security benefits exceed the support obligation, the excess becomes a gratuity under the divorce decree. 217 Kan. at 544. *Andler* does not answer the present question because there, the obligor father was not in arrears.

*Koons v. Koons*, 190 Kan. 65, 67, 372 P.2d 62 (1962), holds that military allotments paid for the benefit of minor children may be credited against a parent's current support obligation but may *not* be treated as prepayment credits against future support obligations. Again, no arrearage was involved.

The implications of *Andler* and *Koons* are that a child's SSA benefit payments may be credited against a current support obligation accruing during the corresponding month but may not be credited against past due child support obligations.

Such a holding is consistent with holdings of most jurisdictions which have directly addressed the issue. See *In re Marriage of Robinson*, 651 P.2d 454, 455-56 (Colo. App. 1982) (father not entitled to credit against arrearage accumulated prior to entitlement of benefits); *Kirwan v. Kirwan*, 606 So. 2d 771, 772-73 (Fla. Dist. App. 1992) (excess benefits may not be used to satisfy past support obligations); *Weaks v. Weaks*, 821 S.W.2d 503, 507 (Mo. 1991) (excess benefits not available to satisfy arrearage accumulated prior to disability); *Mask v. Mask*, 95 N.M. 229, 231-32, 620 P.2d 883 (1980) (cannot allow credit for months prior to receipt of social security benefits); *Fuller v. Fuller*, 49 Ohio App. 2d 223, 226, 360 N.E.2d 357 (1976) (excess benefits may not be credited against arrearage accrued prior to first month for which benefits paid); *Children & Youth Services v. Chorgo*, 341 Pa. Super. 512, 522, 491 A.2d 1374 (1985) (excess benefits may not be applied to arrearage accrued prior to start of disability).

Federal regulations also lend support to this conclusion. Representative payees (custodial parents) are required to use social security benefits for the beneficiary's *current* maintenance. See 20 C.F.R. § 404.2040(a)(1) (1994). And once the beneficiary's current

needs have been met, "any remaining amount shall be conserved or invested on behalf of the beneficiary." 20 C.F.R. § 404.2045(a) (1994).

Since *Andler* expressly prohibits crediting benefit payments toward future child support obligations, we hold the same rule must apply regarding the crediting of those benefit payments against prior support obligations.

This result may seem harsh, but the legislature has established the policy of recognizing the importance of timely monthly support payments. The excess benefit payments obviously result in a windfall to someone. That windfall should " 'inure not to the defaulting husband's benefit, but to his bereft children.' " *Kirwan*, 606 So. 2d at 772 (quoting *McClaskey v. McClaskey*, 543 S.W.2d 582, 585 [Mo. App. 1976]).

The trial court did not err in refusing to give Blane credit for his child's benefit payments in excess of Blane's current child support obligation against child support obligations which accrued prior to the start of the social security benefit payments.

Affirmed.