551 S.E.2d 42

Evelyn (Hartwick) STEEL, Plaintiff Below, Appellee,

v.

Frank I. HARTWICK, Jr., Defendant Below, Appellant.

No. 28489.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 7, 2001.

Decided June 22, 2001.

---

sought reimbursement on the ground that his former wife, as representative payee for his children, received social security disability benefits for the period that he sought reimbursement of his child support payments, and that under the circumstances of the case, his former wife was unjustly enriched.

I.

FACTS

On July 11, 1991, the appellant and the appellee were divorced by order of the Circuit Court of Berkeley County, and, as a part of the divorce, the appellant was ordered to pay the appellee $135 per week in child support for the parties' two minor children. Subsequent to the divorce, the appellant made the child support payments as ordered by the court. However, in July 1995, he sustained a severe injury in the course of his employment with General Motors Corporation. As a result of the injury, he was unable to work. He nonetheless continued to make child support payments, apparently out of workers' compensation and other job benefits, until August 1997, when he petitioned the Circuit Court of Berkeley County to reduce his child support obligation.

Shortly after filing the petition to modify the previous child support award, the appellant was notified that he had been adjudicated disabled under the Social Security Act and that he was entitled to social security disability benefits retroactive to July 1995. As a part of the award, the appellant's former wife, as representative payee for his dependent children, also became entitled to social security disability benefits retroactive to July 1995, and, as such a payee, she received payments of $6,709 for each child.

At the time the social security award was made, the appellant was current in all of his child support payments. When the award was made, he petitioned that the circuit court require the appellee to reimburse him for the child support payments which he had made for the period July 1995 through August 1997. In his petition, he claimed that because the appellee, as representative of the children, received a social security disability

Cynthia A. Gaither, Esq., Burcham & Gaither, Martinsburg, West Virginia, Attorney for Appellee.

Robert D. Aitcheson, Esq., Charles Town, West Virginia, Attorney for Appellant.

PER CURIAM:

This is an appeal by Frank I. Hartwick, Jr., from an order of the Circuit Court of Berkeley County, which denied his request for reimbursement for child support payments made to his former wife, the appellee, Evelyn Hartwick Steel. The appellant

award for the children, she, in effect, was paid twice for support for the children and that she, in effect, was unjustly enriched.

After taking the appellant's motions under consideration, the Circuit Court of Berkeley County concluded that the appellant was entitled to a prospective reduction of his child support obligation, as is provided by West Virginia law. The court, however, refused to require the appellee to reimburse the appellant for past child support payments which had already accrued and been paid. In refusing to order the reimbursement, the court said that it would be inequitable to require the appellee to repay the appellant the lump sum amount paid to her for the children by the Social Security Administration.

In the present proceeding, the appellant is appealing from the decision of the circuit court and is claiming that under the law he should be reimbursed for the amount of the social security benefits received by the appellee for his children.

## II.

## STANDARD OF REVIEW

The facts in this proceeding are not in dispute. The only question is one of law, that question being whether the appellant is entitled to the reimbursement which he seeks. In such situations, the Court has stated: "Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

## DISCUSSION

In arguing that he should be entitled to reimbursement for the social security benefits paid for his children to the appellee, the appellant relies principally upon the decision of this Court in *Farley v. Farley*, 186 W.Va. 263, 412 S.E.2d 261 (1991). In that case, the Court held that when a party is in arrears on his child support payments, and he receives a social security disability award, the court having jurisdiction over the child support

payments, may give the party owing such payments credit on the arrearage for social security benefits payable to the children. Specifically, the Court stated in Syllabus Point 2 of *Farley v. Farley* that:

In the single instance of benefits paid to dependents directly by the Social Security Administration, a court *may* give retroactive credit when: (1) the debtor spouse has acted in good faith and has promptly sought court approval of the credit of social security against child support; (2) in the discretion of the trial court, there were no other assets reasonably available from which child support payments could have been paid; and (3) there were no other changes in circumstances that, in their totality, militate against awarding credit.

In the *Farley* case, while the Court authorized a circuit court, in its discretion, to credit a social security award against accrued, but unpaid child support payments, it did not state that a social security award in any way affected payments already made or, in any way, justified retroactive modification of accrued obligations. To the contrary, the Court stated:

We have been Rhadamanthine in our pronouncements that support payments can be modified only prospectively and not retrospectively.... Although this rule inevitably works hardship in a few cases, any alternative rule would be utterly unworkable because under such an alternative rule a person owed support who brought an action for contempt to enforce a support award would be required to justify anew the amount of the original award.

*Farley v. Farley, id.* at 266, 412 S.E.2d at 264.

After reviewing *Farley v. Farley, id.*, the Court cannot find that it in any way authorizes or provides any precedent for the action which the appellant has requested the Circuit Court of Berkeley County to take. Nothing in the opinion authorizes a circuit court to require a party who has already received child support payments to reimburse the payor when the child for whom the payments has been made subsequently receives a social

security disability award based on the payor's disabled status.

It thus appears that what the appellant seeks is for the Court to carve out a new rule to cover his situation.

In examining the question at hand, the Court notes that 42 U.S.C. § 407, a section of the Social Security Act, provides, in part, that: "(a) The right of any person to any future payment under this subchapter shall not be transferrable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." The Supreme Court of the United States has stated that this statute bars the use of any legal process to reach social security benefits. *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). This Court has also adopted the same view. *In re Michael S.*, 206 W.Va. 291, 524 S.E.2d 443 (1999); and *Loudermilk v. Loudermilk*, 183 W.Va. 616, 397 S.E.2d 905 (1990).

In light of this, if this Court were to require some sort of reimbursement, it would have to do so out of a fund other than the payments actually made by the Social Security Administration.

It is a fundamental principle of our law that a party shall not be deprived of property without due process of law. U.S. Const. amend. XIV; and W. Va. Const. art. 3, § 10. In line with this principle, a court may not simply order one party to pay another money (which is property) without some legal basis or jurisdiction for requiring such payment.

The appellant in the present proceeding argues that there is a basis for requiring repayment, that basis being that his former wife has been unjustly enriched or paid twice for the support of his dependent children.

In establishing guidelines for child support awards in West Virginia, the West Virginia Legislature has stated in W. Va.Code 48A–1B–1(b):

The Legislature recognizes that children have a right to share in their natural parents' level of living. Expenditures in families are not made in accordance with subsistence level standards, but are made in proportion to household income, and as parental incomes increase or decrease, the actual dollar expenditures for children also increase or decrease correspondingly. In order to ensure that children properly share in their parents' resources, regardless of family structure, the guidelines are structured so as to provide that after a consideration of respective parental incomes, that child support will be related, to the extent practicable, to the level of living that children would enjoy if they were living in a household with both parents present.

In line with this, the Court believes that the child support award involved in the present case was made for the benefit of the children and was, at least beneficially, their entitlement and their property. Additionally, it was made on the basis of the appellant's income on record at the time the award was made and was calculated to achieve the purposes set forth in W. Va.Code 48A–1B–1(b). Finally, the social security payments received by the appellee, as representative payee for the children, were technically the children's property and were paid, this Court believes, to benefit the children.

The children in the present case had a legal right under court and administrative orders, to both the child support and the social security benefits in issue in this case, and this Court can find no inequitable conduct on the part of the children, or unjust enrichment on their part, which in the Court's view, would support a legal basis for depriving them of their property. This conclusion is, the Court believes, supported by the decision of a federal court, applying West Virginia law, in the case of *Bright v. QSP, Inc.*, 20 F.3d 1300 (4th Cir.1994), *cert. denied*, 513 U.S. 875, 115 S.Ct. 202, 130 L.Ed.2d 133 (1994). In that case, the court held that a plaintiff in a restitution case based on the unjust enrichment theory, was not entitled to restitution for benefits which the defendant had a legal right to receive.

In light of all this, while the Court is sympathetic to the appellant since he is disabled and has apparently suffered some financial hardship as a result of his disability, the Court concludes that there is no legal basis for granting him the relief which he seeks, and the Court also concludes that the circuit court properly denied him that relief.

The judgment of the Circuit Court of Berkeley County is, therefore, affirmed.

Affirmed.