(274 P.3d 27)
No. 105,152

In the Matter of the Marriage of DONNA ELVIRA HOHMANN, *Appellant*, and SCOTT KENNETH HOHMANN, *Appellee*.

Opinion filed March 16, 2012.

*Randy M. Barker*, Kansas Department of Social and Rehabilitation Services, of Topeka, for appellant.

*Robert S. Jones*, of Norton, Wasserman, Jones & Kelly, L.L.C., of Salina, for appellee.

Before BUSER, P.J., ARNOLD-BURGER, J., and BUKATY, S.J.

ARNOLD-BURGER, J.: Donna Hohmann, n/k/a Donna Lubbers (Mother), appeals the district court's decision to apply Scott Hohmann's (Father) social security disability lump-sum payments made on behalf of his children to Father's arrearages in child support payments for the dates covered by the payments. Finding no error, we affirm.

## FACTS

As the result of a divorce, Father was required to pay Mother $426 each month for child support for their two children. In December 2007, the Social Security Administration (SSA) determined that Father was disabled and unable to work. However, because he was required to be disabled for a full 5 months before being entitled to disability benefits, his benefits entitlement date did not begin until June 2008. Father had been steadily falling behind on his child support payments to Mother and made his last payment,

of only $25, in June 2008. With that one exception, from June 2008 through December 2008, Father neglected to make any child support payments. However, on January 28, 2009, Father received a disability payment from SSA covering the period when his disability began—June 2008—to December 2008. In addition, SSA made lump-sum payments to the couple's children, again for the time period from June 2008 to December 2008, in the total amount of $3,148.

In October 2009, the Court Trustee filed a motion to modify child support for reasons not important to this appeal. However, one of the issues identified for determination at trial was whether the SSA's lump-sum payments to the children for the time from June 2008 to December 2008 should be credited to Father's unpaid child support obligations for that time period.

In a memorandum decision, the district court determined that Father was entitled to a credit on his child support arrearages for the SSA's lump-sum payments to his children for the time his child support payments accrued from June 2008 to December 2008. The court indicated that only the amount of his arrearages from June 2008 to December 2008 would be satisfied. Any arrearages before Father became entitled to benefits would not be satisfied by the SSA's lump-sum payments to his children.

## ANALYSIS

The sole issue on appeal is whether lump-sum SSA disability payments to the children of a disabled father can be used to satisfy the father's child support arrearage for the dates covered by the payments. In this case, the children received total lump-sum payments of $3,148 for June through December 2008. Father's child support obligation for that same period was $2,982 ($426 per month for 7 months). The district court allowed the payments to the children to satisfy the father's arrearage for June through December 2008, but he was not allowed to apply the excess, approximately $166, to arrearages accumulated prior to June 2008. The district court based its decision on this court's holding in *In re Marriage of Williams*, 21 Kan. App. 2d 453, 900 P.2d 860 (1995). Mother argues that Father had a duty to support his children dur-

ing the months he was in arrears. Based on her interpretation of *Williams*, Mother argues that Father is only entitled to credit for the month the lump-sum payments were made, January 2009, and not towards the arrearages accrued from June to December 2008.

This issue presents a question of first impression in Kansas. It is a question of law for which review is de novo. *Williams*, 21 Kan. App. 2d at 454.

The parties both cite and attempt to rely on *Williams*. In *Williams*, the child's monthly SSA disability payment ($555) was in excess of what the father actually owed in child support per month ($250). The father asked the district court to apply any excess payment from SSA ($305 per month) to his child support payment arrearages. Our court denied the father a credit against his child support arrearages for the excess SSA disability payments his child received on a monthly basis. 21 Kan. App. 2d at 454-56. We found that the excess benefit results in a windfall that should inure to the benefit of the child, not the defaulting father. 21 Kan. App. 2d at 456.

In coming to this conclusion, the *Williams* court cited the only other case in Kansas dealing with this topic, *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975). In *Andler*, like *Williams*, the father was to pay $160 per month in child support; however, the children received $221.10 per month in SSA disability payments due to father's disability. But, unlike *Williams*, when father stopped paying the $160 per month, mother filed a motion in district court for contempt arguing that the children's entitlement to the SSA payments existed without regard to any support judgment entered by the court. Our Supreme Court disagreed focusing on the fact that the obligor parent paid for the SSA benefits in advance; thus, because the benefits were earned, the obligor parent should be entitled to receive a credit for them when the child received a payment. The court, however, determined that any excess amount becomes a gratuity under the divorce decree and does not apply to future child support obligations. 217 Kan. at 542-44.

In the present case, the focus is on how to apply the lump-sum payments made by the SSA to the children for the time period from June 2008 to December 2008—the time Father became el-

igible for benefits but no payment was distributed from the SSA, a question not specifically addressed in either *Williams* or *Andler*.

It appears that a majority of states that have considered this specific issue allow a credit against an obligor parent's child support arrearage for a lump-sum payment from the SSA to a child. See *Anderson v. Anderson*, 955 N.E.2d 236, 238-41 (Ind. App. 2011); *Frens v. Frens*, 191 Mich. App. 654, 657-58, 478 N.W.2d 750 (1991); *County of Grant v. Koser*, No. A11-746, 2012 WL 34038, at *5-6. (Minn. App. 2012); *Weaks v. Weaks*, 821 S.W.2d 503, 507 (Mo. 1991); *Hern v. Erhardt*, 113 Nev. 1330, 1335-37, 948 P.2d 1195 (1997); *Children and Youth Services of Allegheny County v. Chorgo*, 341 Pa. Super. 512, 522, 491 A.2d 1374 (1985); *Com., Dept. of Social Services v. Skeens*, 18 Va. App. 154, 158-61, 442 S.E.2d 432 (1994); *Swaney v. State, Dept. of Family Services*, 256 P.3d 514, 516-17 (Wyo. 2011). In a majority of those states, however, the lump-sum payment is only applied as a credit for the specific time period when the obligor parent becomes eligible for social security benefits but has yet to receive a payment. Any arrearages accrued before the obligor parent becomes eligible for benefits may not be reduced by the lump-sum payment. See *Swaney*, 256 P.3d at 516-17; *Hern*, 113 Nev. at 1335-37; *Frens*, 191 Mich. App. at 657-58; *Weaks*, 821 S.W.2d at 507; *Chorgo*, 341 Pa. Super. at 523-24.

The majority view is consistent with both *Williams* and *Andler*. As our Supreme Court emphasized in *Andler*, the SSA payments are earned by the obligor parent and he or she should be entitled to receive a credit for them for the same time period covered by the payment. *Andler*, 217 Kan. at 543-44. The very existence of a disability gives rise to the real possibility that the obligor may not be financially able to comply with the support order pending receipt of benefits. Whether the arrearage is paid by the government through social security benefits derived from Father's account, or directly by Father, the source of the payment should be of no concern. The children are still receiving the amount of support from Father that the court has decided they should receive.

Mother argues that the logical extension of this approach would require her to repay Father under the circumstances of this case

if there had been no arrearage. In other words, had Father not been in arrears, would Mother have to repay Father the $2,982 he would have timely paid during the period of June through December 2008?

Because that is not the factual pattern we are faced with in this case, we decline to rule on it. But we do note that the majority of courts who have decided this issue have found that the nonobligor parent is not required to return such "overpayments" to the obligor parent. Most courts view it as a voluntary overpayment that inures solely to the benefit of the child. See, *e.g.*, *Child Support Enforcement Agency v. Doe*, 92 Hawaii 276, 285-86, 990 P.2d 1158 (Hawaii App. 1999); *Brown v. Brown*, 849 N.E.2d 610, 616 (Ind. 2006); *Newman v. Newman*, 451 N.W.2d 843, 844 (Iowa 1990); *Holmberg v. Holmberg*, 578 N.W.2d 817, 827 (Minn. App. 1998), *aff'd* 588 N.W.2d 720 (Minn. 1999); *Keith v. Purvis*, 982 So. 2d 1033, 1038-39 (Miss. App. 2008); *Steel v. Hartwick*, 209 W. Va. 706, 708-09, 551 S.E.2d 42 (2001).

Following the majority of the states that have previously addressed this issue and keeping in line with our decision in *Williams* and the Supreme Court's decision in *Andler*, we find that lump-sum social security disability benefits received by Mother on behalf of her minor children because of Father's disability may be credited toward Father's child support arrearage that accumulated during the months covered by the lump-sum payments. If the payment is in excess of the arrearage, the excess benefit accrues to the child as a gift and may not be credited to any arrearage that accumulated prior to the months covered by the lump-sum payment. Accordingly, the district court's decision is affirmed.